By the charter of the city of Baffalo, as revised in the year 1843, the city taxes were to be "assessed by the common council on all the taxable real and personal property within the city, according to the valuation of the same in the assessment rolls of the current year, filed by the ward assessors," and all taxes remaining unpaid for three months after the date of the warrant issued for their collection, could be sued for and recovered. (Laws of 1843, 133, §§ 4, 6.) This charter nowhere, in terms, specified the property subject to or exempt from taxation, that being left to the general law of the state, which at that time was contained in the Revised Statutes, declaring that "all lands and all personal estate within this state, whether owned by individuals or corporations, shall be liable to taxation," subject to certain exemptions not material to be noticed.
Until the year 1846, there was no authority for taxing the rents reserved on leases, as personal estate. Land, of course, was taxed as land; but the rents reserved on leases, and not past due, were not personal estate, and therefore, were not taxed at all. This was changed by a general act in the year 1846. (Ch. 327, p. 466.) The first section made it "the duty of the assessors of each town and ward to ascertain the amount of rents reserved in any leases in fee, or for one or more lives, or a term of years exceeding twenty-one years," and to assess such rents as personal estate, according to a certain mode of valuation particularly specified. The second section made it the duty of the board of supervisors of each county to assess the taxes for "town, county and state purposes" upon the persons entitled to such rents, in the same manner and to the same extent as other personal estate. This act is silent in regard to city taxation, and on this ground it is claimed that the tax imposed by the city of Buffalo, in the year 1847, upon the defendant, in respect to certain rents, to which he was entitled upon a lease for thirty years, was unauthorized and void. *Page 453 
The position is not well taken. The power contained in the city charter, to assess "all taxable" property, includes not only such as was then taxable by the general law of the state, but whatever should be made subject to taxation by any general statute to be afterwards passed. By the act of 1846, it is the duty of all ward as well as town assessors to value and assess rents reserved upon leases of a certain kind. These would be, therefore, contained in the assessment rolls filed by the ward assessors of Buffalo, and in levying taxes the common council would have no more right to exclude such rents than any other subject of taxation. No change in the charter was required in order to subject such rents to city taxation. They became taxable personal estate, in virtue of the act of 1846, and, as such, were liable to taxation for city purposes by the terms of the charter as it stood without amendment. It is true, that by the second section of the statute of 1846, the boards of supervisors of counties are specially commanded to assess such rents for town, county and state purposes; but in this there is nothing to exonerate them from taxation by the common council of Buffalo, for city purposes. The city taxation stood in the place of town taxation, and instead of the board of supervisors the common council was the authority to impose the tax. It needed no particular direction to the common council, because the terms of the charter were already broad enough to meet the exigency. If we were to take the view contended for by the defendant, the result would follow that, while rents reserved in long leases upon lands in towns are taxable for all purposes, those in like leases on lands in cities can be taxed for county and state purposes only. Certain manor leases in this state were no doubt the object particularly aimed at by the legislature, but in order to reach them a general law was deemed necessary and expedient. Accordingly, no discrimination is made between agricultural and city lands, and in the *Page 454 
taxation of city rents none is made between county and state and city purposes.
Some other questions in regard to the validity, force and construction of the act of 1846 have been considered, and, I think, properly disposed of by the Supreme Court, in the cases ofLivingston v. Hollenbeck (4 Barb., 9), and Le Couteula v.The Supervisors of Erie County (7 id., 249). These questions have not been discussed in the present case, and there is no occasion to give them a particular notice.
The judgment should be affirmed.