MICHAEL ENDERS ET AL., APPELLANTS, V. JOHN FRIDAY, MAYOR, ET AL., APPELLEES.[*]

FILED MARCH 7, 1907. No. 14,906.

1. **Cities: VACATION OF STREETS.** Where a city council, acting under the provisions of section 8739, Ann. St., vacates a street or any part thereof, and by ordinance declares such vacation to be expedient for the public good, and all the provisions of the statute are observed, such action by the council has all the force and effect of a judgment, and irregularities not jurisdictional in their character will not invalidate the vacation. *Village of Bellevue v. Bellevue Improvement Co.*, 65 Neb. 52.

2. ———: ———: REVIEW. The courts will not ordinarily inquire into the motive of a city council in its exercise of a discretionary power conferred upon it by the legislature.

3. ———: ———: DAMAGES. Where part of a street is vacated, the general rule is that only those property owners whose property abuts upon the vacated part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*William V. Allen* and *Isaac Powers,* for appellants.

*M. D. Tyler, E. P. Weatherby, Mapes & Hazen* and *W. M. Robertson, contra.*

DUFFIE, C.

The petition in this case is quite lengthy. The material facts are the following: The plaintiffs are the owners of real estate abutting on Philip avenue in the city of Nor-

[*] Pending on error in the supreme court of the United States.

folk, and brought this action to enjoin the defendants, as the mayor and council of said city, from passing an ordinance vacating a portion of said street for the purpose of allowing the Chicago & Northwestern Railway Company to construct a depot. After describing the property owned by the plaintiffs, and alleging "that all of said real estate borders upon and is adjacent to that part of Philip avenue in said city which lies west of the east line of the depot grounds of the Chicago & Northwestern Railway Company, more particularly described as a piece or parcel of land commencing 132 feet west of the west line of Sixth street, and east of the west line of the right of way of the Chicago & Northwestern Railway Company," the petition recites that in February, 1906, the defendants, constituting the common council of the city of Norfolk, made and entered into an unlawful agreement with the Chicago & Northwestern Railway Company, whereby it was agreed that they would, as speedily as possible, pass an ordinance to vacate so much of Philip avenue as lies west of the east line of the depot grounds of said Chicago & Northwestern Railway Company, commencing 132 feet west of the west line of Sixth street, and east to the west line of the right of way of said railway company, and surrender the exclusive possession and control thereof to said company, and close up and keep forever closed said street at said place, the company in consideration thereof to immediately construct on its land, adjacent to said part of Philip avenue thus to be vacated, a depot costing the sum of $15,000, and that the ordinance in question was introduced into the common council of the city in fulfilment of this agreement. It is further alleged that, unless the court interpose, the defendants will proceed to the passage of said ordinance and surrender the vacated portion of said street to the railway company for its exclusive use and benefit without paying, or causing to be paid, to the plaintiffs, or any of them, or to any persons damaged by such vacation, the damage caused thereby; that no provision whatever has

been made, nor do the defendants intend to make any provision, for the payment of such damages as may accrue to the plaintiffs or others. It is alleged that the vacation of that portion of Philip avenue above described will depreciate the value of the property owned by the plaintiffs to the extent of 20 per cent., and that defendants do not purpose or intend to make any provision for the payment of such damages. The petition further proceeds to show that valuable church, school and other buildings have been erected on said street, and that such vacation will incommode and endanger pupils attending such schools; that it will injure, inconvenience and discommode the people of the city; that the ground is not needed by the Chicago & Northwestern Railway Company for depot grounds or other purposes; that a large number of property owners of the city have remonstrated against the vacation; and that, unless restrained, the defendants will pass and approve the ordinance without its being read on three separate days, as required by law, and without giving the plaintiffs, or other property holders or taxpayers of said city, any warning or notice or affording them an opportunity to appear and oppose and contest the same. The plaintiffs further aver that they have no speedy and adequate remedy at law to prevent the damages and injuries about to be committed, and pray for an injunction restraining the defendants from passing the ordinance and turning the vacated portion of the street over to the railway company. A temporary injunction was allowed, and on April 2, 1906, defendants filed an answer, to which a reply was filed April 14. On the case being called for trial, a demurrer *ore tenus* was interposed to the petition and sustained by the district court, and an order entered dissolving the temporary injunction, and judgment for costs rendered against the plaintiffs.

While the petition alleges that all the real estate described in the petition "borders upon and is adjacent to that part of Philip avenue in said city which lies west of the east line of the depot grounds of the Chicago &

Northwestern Railway Company, more particularly described as a piece or parcel of land commencing 132 feet west of the west line of Sixth street, and east of the west line of the right of way of the Chicago & Northwestern Railway Company, there is nothing to indicate how far west of the vacated part of the street the lots of the plaintiff are located, and no statement whatever that any of the lots abut upon that part of the street proposed to be vacated, so as to obstruct access thereto or egress therefrom.

From this statement it will be seen that the only question presented to us for determination is the sufficiency of the statements in the petition to entitle the plaintiffs to any relief. It is conceded that the city of Norfolk is a city of the second class, having less than 5,000 inhabitants. Section 8739, Ann. St., defines the powers of the council over the streets of the city, and is in the following language: "To open, widen, or otherwise improve or vacate any street, avenue, alley, or lane within the limit of the city or village, and also to create, open and improve any new street, avenue, alley or lane; Provided, that all damages sustained by the citizens of the city or village, or of the owners of the property therein, shall be ascertained in such manner as shall be provided by ordinance; Provided further, that whenever any avenue, street, alley, or lane shall be vacated, the same shall revert to the owners of the adjacent real estate, one-half on each side thereof." By this section the city council is invested with discretionary powers relating to the opening, improving or vacation of streets and alleys within the city limits, and as a general rule, where the proceedings are regular and fraud is not shown, the courts are not authorized to interfere with such discretion. This court has gone to the extent of declaring that the action of a village board, under the provisions of the section above quoted, in vacating a street, where, as in the case under consideration, the ordinance declares such

36

vacation to be expedient and for the public good, and where all the provisions of the statute are observed, has all the force and effect of a judgment, and that only such irregularities as are jurisdictional in their nature will render the proceedings void. *Village of Bellevue v. Bellevue Improvement Co.*, 65 Neb. 52. It was further held in that case that, even if the vacation proceedings are had at the instance and request and primarily for the benefit of certain owners whose property would be benefited by such vacation, this would not affect the validity of the proceedings; that the motive of the board in vacating a street or alley would not ordinarily be inquired into by the courts.

The cited case is apparently decisive of every question relied on by the appellants to reverse the action of the district court, except only the question arising from the allegation in their petition that no steps had been taken to ascertain or pay them damages which would result to their property on account of the vacation. This requires us to determine what property owners in the city or village are entitled to damages on account of the vacation of a street, or part of a street, upon which their property abuts. The general rule is well stated in Elliott, Roads and Streets (2d ed.), sec. 878, in the following language: "Owners of lands abutting upon neighboring streets, or upon other parts of the same street, are not, however, entitled to damages, notwithstanding the value of their lands may be lessened by its vacation or discontinuance." To the same effect are *Heller v. Atchison, T. & S. F. R. Co.*, 28 Kan. 625; *Kimball v. Homan*, 74 Mich. 699; *Castle v. County of Berkshire*, 11 Gray (Mass.), 26; *City of East St. Louis v. O'Flynn*, 119 Ill. 200; *Dantzer v. Indianapolis Union R. Co.*, 141 Ind. 604; *State v. City of Elizabeth*, 54 N. J. Law, 462; *Meyer v. Richmond*, 172 U. S. 82. And the same rule, while not definitely announced, is recognized in the concluding part of the opinion in *Lindsay v. City of Omaha*, 30 Neb. 512. There is no allegation in plaintiffs' petition that

any of the property owned by the plaintiffs abuts upon
that part of the street proposed to be vacated.   It may
be, as urged by the plaintiffs, that they are damaged in a
greater degree than other property owners in the city;
but the vacation would not deprive them of access to their
property and occasion such special damages as entitles
them to an action against the city or to restrain the pro-
posed vacation.   In *Davis v. County Commissioners*, 153
Mass. 218, it is said: "The general doctrine is familiar,
that, ordinarily one cannot maintain a private action for
a loss or damage which he suffers in common with the
rest of the community, even though his loss may be
greater in degree."   In *Heller v. Atchison, T. & S. F. R.
Co., supra,* it is said: "Where a party owns a lot which
abuts upon that portion of the street vacated so that
access to the lot is shut off, it is clear that the lot owner
is directly injured and may challenge the action.   The
closing up of access to the lot is the direct result of the
vacating of the street, and he, by the loss of access to
his lot, suffers an injury which is not common to the
public; but, in the case at bar, access to plaintiff's lots is
in no manner interfered with.   The full width of the
street in front and on the side is free and undisturbed,
and the only real complaint is, that by the vacating of
the street away from her lots the course of travel is
changed.   But this is only an indirect result."   The case
of *City of East St. Louis v. O'Flynn, supra,* is well con-
sidered and answers fully every contention made by the
appellants in this case.   After showing that the vacation
of a street was not taking or damaging property for a
public use, the court takes up a clause in the Illinois
statute, similar to ours, providing for the payment of
damages when such vacation is made.   We quote from
this part of the opinion: "It therefore seems plain, if
plaintiff can recover at all, it must be under that pro-
vision of section 1 of the act in force July 1, 1874, in
relation to 'vacation of streets, alleys and highways,'
which provides, 'when property is damaged by the vaca-

tion or closing of any street or alley, the same shall be ascertained and paid as provided by law.' The rule of law on this subject was stated by this court in *City of Chicago v. Union Building Ass'n,* 102 Ill. 379, where it was said, for any act obstructing a public and common right no private action will lie for damages of the same kind as those sustained by the general public, although in a much greater degree. Accordingly, on the authority of that case, it was held in *Littler v. City of Lincoln,* 106 Ill. 353, the rights or privileges of other proprietors in the plat, which the statute protects, are necessarily legal rights and privileges, and such parties cannot, therefore, be affected by the closing of streets not adjacent to their property, nor directly affording access thereto and egress therefrom. The facts of the case being considered bring it precisely within the principle of the cases cited. Here, plaintiff's lot is not adjacent to the streets or alleys vacated. It is in another block. The access to and egress from his lot are not affected by the vacating ordinance passed by the city. The street in front and the alley in the rear of his property remain open as before, affording the same access to and egress from it."

The facts in the case we are considering are in all respects, if we understand the record, the same as the facts in the cases above quoted from, and the rule in this state, as clearly indicated in *Lindsay v. City of Omaha, supra,* is the same as that announced by the supreme court of Illinois and by the courts generally throughout the country. In our opinion, the plaintiff's petition fails to state a cause of action, and the district court did not err in sustaining the demurrer interposed thereto.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.