JAMES I. LEE ET AL., APPELLANTS, V. CITY OF McCOOK ET AL., APPELLEES.

FILED JUNE 4, 1908. No. 15,139.

1. **Cities: VACATION OF STREETS: DAMAGES.** Where a part of a street is vacated, the general rule is that only those property owners whose property abuts upon the vacated part of the street, and who are thus cut off from access to their property, are entitled

to damages on account of such vacation. *Enders v. Friday,* 78 Neb. 510, followed.

2. **Injunction**: Public Injury. A private party cannot enjoin a threatened wrong, where the injury which he would sustain would be no other or different from that suffered by the community generally.

3. ————: Unauthorized Ordinances. As a general rule, courts will not enjoin the passage of unauthorized resolutions or ordinances by a municpial corporation. An injunction should not issue until some effort is made to enforce the unauthorized resolutions or ordinances.

4. **Cities**: Streets, Vacation of. When a city enlarges its corporate limits, and annexes territory over which there existed a highway previously laid out and established by the county board, such highway becomes impressed with the character of a street, and the city council is the only body thereafter vested with jurisdiction to vacate such highway or street.

Appeal from the district court for Red Willow county: Robert C. Orr, Judge. *Affirmed.*

*France & France* and *Harlow W. Keyes,* for appellants.

*James E. Kelby, W. S. Morlan, Frank E. Bishop, J. R. McCarl, J. F. Cordeal* and *J. S. Le Hew, contra.*

Good, C.

James I. Lee, S. S. Garvey, and Fowler Wilcox brought this action against the city of McCook, mayor and council of said city of McCook, and the Chicago, Burlington & Quincy Railway Company to enjoin said city and its officers from vacating or taking any further steps toward vacating and closing a certain street or roadway, and to enjoin the defendant railway company from grading and laying railway tracks across, and from obstructing and closing, said street or roadway. The trial court sustained demurrers to the petition, and, the plaintiffs not desiring to further plead, their petition was dismissed for want of equity. The plaintiffs appeal.

It appears from the petition that the city of McCook is a city of the second class having less than 5,000 popu-

lation; that the east and west boundary lines of said city are the east and west lines, respectively, of section 29, township 3, range 29 west; that the Chicago, Burlington & Quincy Railway Company owns the south part of said section 29, being a strip one mile long, east and west, and a little more than a quarter of a mile wide, north and south; that McCook is a division point on the Burlington railroad, and that a large portion of said strip 's occupied by railway tracks, yards and switches; that a part of the city of McCook lies to the north and another part to the south, of this strip of land; that many years ago the county commissioners of Red Willow county laid out a highway running north and south across this strip of land, it being about one-third of a mile west of the east line of said section 29. The defendant railway company, desiring to extend and build more tracks, filed a petition with the city council of McCook, praying to have said roadway vacated and another road or street opened on the east line of said section 29. At the time appointed for the hearing of this petition, objections and claims for damages were filed by a large number of persons. Upon the hearing the city council found that it was expedient for the public good that said roadway should be vacated, and passed a resolution providing for the vacation of the highway, to take effect when a certain other roadway or viaduct had been constructed and opened. This resolution was vetoed by the mayor, and thereupon this action was brought. It also appears by the petition that the appellants are the owners of considerable property in and about the city of McCook, no part of which, however, abuts upon or is adjacent to the roadway sought to be vacated. It is also alleged that the appellant Lee owns an ice plant situated some distance south of the railway, and that he uses the roadway in controversy in the serving of his customers in McCook, and that, if said roadway is closed, it will require him to travel a considerable distance further to reach and serve his customers. It is alleged that this will be destructive of his ice plant, and that he will

be injured in the sum of $9,000. It is claimed that the other plaintiffs will be damaged in the sum of $11,000. Plaintiffs aver that the city council of McCook has threatened to, and will, unless enjoined, pass the resolution over the veto of the mayor and declare the highway vacated; that said resolution, if passed, will be void; and that the city of McCook has no jurisdiction over the roadway, or to vacate same, because it was laid out by the county authorities, and has never been vacated or dedicated as a city street. It is also averred that the railway company is grading and constructing yards, switches and side-tracks across said roadway, which materially affect the passability of said road for travel. The petition is exceedingly voluminous, and teeming with details and conclusions which it is unnecessary to repeat or consider. The question is: Does this petition state a cause of action entitling the plaintiffs to relief?

In the case of *Enders v. Friday*, 78 Neb. 510, a case very similar to this one, it was held that, where part of a street is vacated, the general rule is that only those property owners whose property abuts upon that part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation. It would follow, therefore, that the plaintiffs suffered no wrong that would be actionable at law for damages. The only injuries they sustain are such as are common to the community generally. It is true that it is alleged that the appellant Lee will suffer damages, and that his ice plant will be practically destroyed; but the nature of the injury he sustains is not different from that sustained by other persons. He, like others, may be compelled to travel a greater distance in order to reach the north part of the city. The doctrine is well recognized that one cannot maintain a private action on account of wrongs or damages which he may suffer in common with the rest of the community. *Enders v. Friday, supra; Davis v. County Commissioners*, 153 Mass. 218. Where the injury complained of is really a public injury, or the

right violated is a public right, it is a general rule that individuals cannot maintain an action for injunction, unless they suffer an injury special or different from that sustained by the public at large. 22 Cyc. 760.

It also appears that, so far as the city is concerned, the action is really to enjoin it and its officers from passing a resolution or ordinance. It is a general rule that a municipal corporation, in the exercise of legislative powers in relation to the matters committed to its jurisdiction, can no more be enjoined than the legislature of the state. 22 Cyc. 890. "The courts will not enjoin the passage of unauthorized ordinances, and will ordinarily act only when steps are taken to make them available." 1 Dillon, Municipal Corporations (4th ed.), sec. 308, and note thereto. "The restraining power of the courts should be directed against the enforcement, rather than the passage, of unauthorized orders and resolutions or ordinances by municipal corporations. * * * It is time enough for equity to stretch forth its preventive arm when some attempt is made to enforce the unconstitutional act." *Stevens v. St. Mary's Training School*, 144 Ill. 336, 351. It does not appear from the petition that any attempt will be made by the city to vacate the roadway except by the passage of an ordinance or resolution. As the resolution passed was vetoed, and there is no ordinance or resolution now in force, it does not appear that the plaintiffs are entitled to an injunction against the city or its officers.

Appellants contend that the city is without any jurisdiction to declare a vacation of the roadway, because it was originally laid out by the county commissioners. The allegations of the petition clearly show that the roadway is now within the city, and we think it has thereby become impressed with the character of a street. If the road was laid out by the county commissioners, it was probably done prior to the land over which it was laid out being made a part of the city. When this roadway was brought within the boundaries of the city, in our opinion, the county commissioners lost control and jurisdiction over

it, and the city council became vested with jurisdiction, and was the only body that had authority to declare a vacation of the roadway. This view finds support in the following authorities: *McGrew v. Stewart,* 51 Kan. 185; *McCullom v. Black Hawk County,* 21 Ia. 409; Elliott, Roads and Streets (2d ed.), sec. 416; 15 Am. & Eng. Ency. Law (1st ed.) 1017.

So far as the railway company is concerned, nowhere is there any allegation that it has proceeded negligently in grading and laying its tracks across the roadway; and, if it is not maintaining proper crossings over its tracks and switches, ample means are afforded for compelling it to do so. But, even if it was negligently constructing its tracks and switches, so as to impede and obstruct the travel over and along the highway, the injury which the plaintiffs would sustain would be no other or different from that suffered by the community generally, and no right of action would be thereby afforded them against the railway company.

Appellants complain particularly because in the resolution which was vetoed and in the proceedings had before the council looking to the vacation of the street, section 8941, Ann. St. 1907, was not complied with in providing by ordinance for the election or appointment of five disinterested householders to determine by assessment the damages suffered by persons by reason of the vacating of the roadway or street; but, in the view we have taken of the case, it is not necessary to consider this question, nor is it necessary to determine whether or not the resolution or ordinance, if passed over the veto, would be of any force or validity. Upon the record as it now stands the plaintiffs were not entitled to an injunction. It appears that a temporary injunction had been granted, which has been kept in force by means of a supersedeas bond. It follows that this temporary injunction should be dissolved, and that the judgment of the district court should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the temporary injunction is dissolved, and the judgment of the district court is

AFFIRMED.