JACOB J. VAN VALKENBERG ET AL., APPELLANTS, V. JACOB S. RUTHERFORD ET AL., APPELLEES.

FILED JANUARY 16, 1913.     No. 16,913.

1. **Evidence:** CITY ORDINANCES: HOW PROVED. An ordinance of the city of Beatrice may be proved by original records showing that it was regularly passed, though the city charter provides that proof of ordinances may be made by the certificate of the clerk, or by the production of a book or pamphlet purporting to be published by authority of the city.

2. **Municipal Corporations:** SALE OF VACATED STREETS. The statutory power of the city of Beatrice to sell the fee to vacated streets may be exercised by the mayor and council without a vote of the people. Comp. St. 1903, ch. 13, art. III, sec. 48, subd. 4.

3. ———: POWERS: HOW EXERCISED. Where a municipal charter confers in direct terms upon a city the power to perform a particular administrative act, without specifying how it shall be exercised, the mayor and council may proceed by resolution.

4. ———: STREETS: VACATION: DAMAGES. "Where part of a street is vacated, the general rule is that only those property owners whose property abuts upon the vacated part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation." *Enders v. Friday*, 78 Neb. 510; *Lee v. City of McCook*, 82 Neb. 26.

APPEAL from the district court for Gage county: JOHN B. RAPER, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for appellants.

*Rinaker & Kidd, Hazlett & Jack* and *R. W. Sabin,* contra.

Rose, J.

The mayor and council of Beatrice passed an ordinance vacating Twelfth street for the spaces of three city blocks between the intersecting streets from Monroe to Garfield, leaving the intersections open, and, pursuant to a subsequent resolution, deeded the vacated portions to adjacent owners. This is a suit to annul the municipal action so taken and to reopen the street. Plaintiffs own real estate in the city, but none of it abuts on any vacated part of Twelfth street, nor does the closing thereof interfere with ingress to or egress from their premises. It is insisted, however, that the property of plaintiffs is damaged by the change, and that they are required to travel further in going to and in coming from school buildings and other public places. The mayor and the members of the council, the grantees named in the deeds and the city of Beatrice are defendants. The evidence sustains findings that grantees made their purchases in good faith, that they paid full value for the land purchased, that they have since occupied and improved it, and that fraud on part of any city officer is not shown. The trial court dismissed the suit, and plaintiffs have appealed.

Under the city charter the fee to the streets belongs to the city. Comp. St. 1911, ch. 13, art. III, sec. 6. Plaintiffs insist, however, that there is no proof that an ordinance vacating portions of Twelfth street was passed according to law. It is true that the passage of the ordinance was not proved, as provided in the city charter, by the certificate of the city clerk, or by the production of a book or pamphlet purporting to be published by authority of the city. Comp. St. 1911, ch. 13, art. III, sec. 46. These, however, are not the exclusive methods of making such proof. Every step necessary to the enactment of a valid ordinance was properly shown by the original records, and this was sufficient. *Johnson v. Finley,* 54 Neb. 733.

The principal argument made by plaintiffs is directed to the proposition that the mayor and council had no

power to sell the vacated portions of the street, because they had never been authorized to do so by a vote of the people. The question of making the sale was never submitted to the voters, and defendants contend that such a step was unnecessary, while plaintiffs rely on that part of the charter which grants to the city power to sell real estate, but imposes restrictions as follows: "But they shall not have power to sell any real estate of the city unless authorized so to do by a vote of the majority of the electors of such city at a special election therefor; provided, that upon the affirmative vote of three-fourths of all the members of the city council, the same to be entered of record, such city may by ordinance direct the sale and conveyance of any such real estate which the city may have acquired at a sale for delinquent taxes as herein provided, upon such terms as the council may deem best, without first submitting the question of such sale to a vote of the people." Comp. St. 1901, ch. 13, art. III, sec. 8. When this provision was enacted, land reverted to adjacent owners upon the vacating of a street, and did not become property of the city.

Later, in 1903, the city charter was amended to include this new provision: "Upon the vacation of any street, avenue, or alley, or part of either, the same so vacated shall be and remain the property of the city, but may be sold and conveyed by the city for any price that shall be agreed upon by the mayor and three-fourths of the city council." Comp. St. 1903, ch. 13, art. III, sec. 48, subd. 4.

The earlier provision, requiring a vote of the people, did not apply to land retained by the city upon the vacating of a street, because, when enacted, the city could not acquire property in that way. The later act, which retained title in the city, authorized, in the same sentence, the sale of the land "for any price that shall be agreed upon by the mayor and three-fourths of the city council." The sale is thus authorized without a vote of the people. The effect of the new legislation is to allow the city to retain the land, after streets are vacated, and

to authorize the mayor and council to sell it, in addition to land acquired at delinquent tax sales, without a vote of the people. This is clearly the intention of the legislature. It does not extend the earlier act to new conditions having no application thereto, nor narrow the later act by former limitations at variance with its terms. The new provision is confined to a specific subject, and should not be controlled by general provisions of the former act. If both statutes are considered with reference to the conditions existing when each was enacted, neither interferes with the other, and full effect can be given to all of the legislation. The sale was made in conformity with the later act, and authority to make it did not depend upon a vote of the people.

The transfer of title, the terms of the sale and the making of the deed were authorized by a resolution instead of an ordinance, and this is pointed out as a fatal defect in the proceedings. Power to make the sale is granted, but the method of exercising it is not specified in the grant. Municipal action by ordinance is not required. Under a former decision the resolution must be held effective. *McGavock v. City of Omaha,* 40 Neb. 64.

Finally, plaintiffs contend that the closing of the street and the transfer of the land will damage their property, that this cannot be done without compensation, that the damages have not been ascertained or paid, and that therefore the action of the city is illegal and void. No part of the property of plaintiffs abuts on any vacated portion of the street and there has been no interference with access to their own premises. Though their injury may be greater in degree than that of others, it is one suffered in common with the rest of the community. Whatever may be the rule elsewhere, it has been held here that plaintiffs are not entitled to damages from the city under the facts proved. *Enders v. Friday,* 78 Neb. 510; *Lee v. City of McCook,* 82 Neb. 26.

Plaintiffs have not made a case entitling them to relief, and the dismissal is

AFFIRMED.