Jones v. City of Aurora.

---

SARAH J. JONES, APPELLEE, V. CITY OF AURORA, APPELLANT.

FILED MARCH 13, 1915.   No. 18,032.

1. **Eminent Domain:** MUNICIPAL CORPORATIONS: VACATION OF STREETS: DAMAGES: RIGHT OF ACTION. A city ordinance which contains a. provision for the "opening, vacating or altering" of streets, and which provides for the election of *freeholders* to act as a board of assessment to assess and award damages to property owners injured by the "opening or alteration" of streets, is not in conformity with section 5133, Rev. St. 1913, providing for the "vacation" of streets, and providing a method of assessing damages. therefor, and no action taken thereunder can be pleaded in bar of a property owner's right to·maintain an action for damages in the. courts.

2. ———: ———: ———: "FREEHOLDER:" "HOUSEHOLDER." The. words "freeholder" and "householder" as used in the statute are not synonymous terms.

3. ———: ———: ———: COMPENSATION. When streets of a city are vacated by competent authority, the city must make adequate· compensation to abutting property owners whose property is injured thereby.

APPEAL from the district court for Hamilton county: EDWARD E. GOOD, JUDGE. *Affirmed.*

· *John A. Whitmore,* for appellant.

*R. J. Nightingale* and *H. S. Nightingale, contra.*

MORRISSEY, C. J.

Action to recover damages alleged to have been occasioned to plaintiff's ·property by the vacation of certain streets in the city of Aurora. There was a trial to a jury

in the court below, a verdict and judgment in favor of plaintiff for $400, and defendant appeals.

The facts briefly stated are as follows: Plaintiff is the owner of lots 10, 11 and 12, constituting the northeast corner of block 23 in the South addition to that city. F street runs east and west, and bounds the property on the north. Eleventh street runs north and south and bounds the property on the east. The lots mentioned front on Eleventh street, and F street makes the north boundary line of lot 12. There is also an alley running north and south through the block at the rear of the lots. The main part of the city lies north of the plaintiff's property and was formerly reached by traveling over Eleventh street. In August, 1911, the city council of defendant passed and adopted a resolution vacating and closing that part of F street which lies immediately north of plaintiff's premises, and on which this property abuts, and vacating and closing Eleventh street from the point where it touches the northeast corner of plaintiff's property for some distance to the north, thereby cutting off plaintiff from direct communication with the main portion of the city over Eleventh street and leaving her premises at the end of a pocket street, and, by closing F street, ingress and egress to the alley was closed at its intersection with said street. These lots were improved, and had for more than 20 years been used by plaintiff as a residence property. Eleventh street was not vacated immediately in front of plaintiff's property, but from the north line thereof. Plaintiff's petition alleged that prior to the vacation proceedings her property was desirable, attractive and convenient as a residence property, enjoying an east and north frontage, with full right of passage over F and Eleventh streets, and that by the vacation proceedings it has been made unattractive and inconvenient and left lying at the end of a cul-de-sac, or pocket street, with no direct access to the business part of the city over Eleventh street and no right of passage up and down F street, and with no means of ingress and egress to and from the north end of the alley, and claimed damages in the sum of $800. Defendant admits the closing of

Jones v. City of Aurora.

the streets, but alleged that in the vacation thereof it had proceeded by virtue of the laws of the state relating to cities of its class, a city of the second class having less than 5,000 inhabitants, and under and by virtue of the authority vested in said city by its Ordinance No. 5, which ordinance had been in force and effect since October 8, 1906, and alleged that proceeding under the terms of this ordinance the defendant city in all things complied with the general laws of the state, and that the plaintiff had due notice of the pendency of the proceedings to vacate, and that she duly and seasonably filed her claim for damages, and that "the same was duly heard and considered by a board of five disinterested householders and freeholders, regularly and legally elected under the provisions of said Ordinance No. 5, and that damages in the sum of $100 were regularly and duly allowed to the plaintiff by the said board of assessors, and that the defendant, the city of Aurora, offered and tendered to the plaintiff such amount of damages," and that the tender is still good; that by said appraisal and award there was a final judgment in favor of plaintiff, from which she had not appealed, although the time for such appeal had long since elapsed.

By reply the plaintiff alleges that the assessment proceedings and award of damages were wholly without jurisdiction or authority of law and were ineffective to bar the right of the plaintiff to recovery.

There are a number of errors relied upon for reversal; the first being the refusal of the court to admit in evidence Ordinance No. 5 pleaded in the answer of defendant. By section 4 of this ordinance it provides a method for "opening, vacating or altering" streets, avenues or alleys. Section 8 provides: "If the determination of said council be in favor of opening or altering the street, avenue or alley they shall at the same or the next regular meeting, elect five disinterested *freeholders* of the city who shall, in the discharge of their duties, act under oath faithfully and impartially to make the assessment to them submitted, and assess and report in writing to said council the value of the property taken or injured by the proposed opening or

alteration, which said assessment shall be upon actual view and upon a day appointed by said council not less than sixty nor more than ninety days after the election of the assessors." These sections do not provide for the assessment of damages by reason of the *vacation* of a street, but only for damage resulting from the opening or altering of a street. It will be noted, also, that the ordinance provided for the election of five disinterested *freeholders,* whereas section 8941, Ann. St. 1909 (Rev. St. 1913, sec. 5133), under which this ordinance purports to be drawn, and the only authority for making award of damages provides that the assessment shall be made by "five disinterested *householders."*

A householder is defined as the "head or master of a family; a person who occupies a house and has charge of and provides for a family therein." 15 Am. & Eng. Ency. Law (2 ed.) 774. Householder implies the idea of a domestic establishment, or the management of a household. It implies residence. A freeholder is one who holds land in fee, or for life, or for some indeterminate period, and residence is not an element of the term. That "householders" and "freeholders," as used in the statute and ordinance, are not synonymous terms is too obvious to require discussion. "Householders" is not synonymous with "freeholders" as the latter term is used in a constitutional provision that compensation for property taken for public use shall be ascertained by a jury or board of not less than three freeholders. *Grossman v. Patton,* 186 Mo. 661.

Statutes of this kind must be strictly followed, and there is such a departure from the statutes as vitiates the ordinance, and it follows that the court was right in excluding it.

The ordinance being properly excluded, the record and proceedings of the council and the report and proceedings of the board of assessors were also properly excluded.

Objection is urged to an instruction given which permits a recovery for damage to the three lots, whereas only lot 12 actually abuts the vacated streets. It is said no recovery can be had on account of lots 10 and 11 because they

Jones v. City of Aurora.

do not actually abut the vacated streets, and, further, that in the vacation of Eleventh street she suffers only the inconvenience common to the general traveling public. *Enders v. Friday,* 78 Neb. 510, *Lee v. City of McCook,* 82 Neb. 26, and *Van Valkenberg v. Rutherford,* 92 Neb. 803, are cited, but in these cases no part of the property abutted on the vacated part of the street.

*Enders v. Friday, supra,* is an injunction suit to prevent the mayor and city council of the city of Norfolk from closing part of a street and surrendering possession thereof to a railroad company for depot purposes without paying the plaintiffs for damages to their property, which bordered upon and lay adjacent to a part of the street which was not included in the contemplated vacation. The trial court sustained a demurrer to the petition. In a discussion of the case this court said : "There is nothing to indicate how far west of the vacated part of the street the lots of the plaintiffs are located, and no statement whatever that any of the lots abut upon that part of the street proposed to be vacated"—and upheld the judgment dismissing plaintiffs' petition.

*Lee v. City of McCook, supra,* is also an injunction suit wherein the plaintiffs sought to restrain the mayor and council of the city of McCook from vacating a street or roadway which it was intended should be occupied by railroad tracks, yards, and switches. The petition disclosed that plaintiffs were the owners of considerable property in and about the city of McCook, but no part of their property abutted upon or lay adjacent to the roadway sought to be vacated, and the court, applying the general rule that only those property owners whose property abuts upon that part of the street vacated are entitled to damages, sustained a demurrer to the petition.

In *Van Valkenberg v. Rutherford, supra,* a suit was brought by plaintiff to annul the action of the mayor and council, and reopen a street. The court found that the plaintiffs owned real estate in the city, but none of it abutted that part of the street vacated, and again applied the general rule, and the petition was dismissed.

In the instant case, the three lots are used as one tract, having common improvements, and, in assessing damages, must be treated as a single piece of property, abutting on the vacated portion of the streets. In closing these streets and placing plaintiff's property at the end of a pocket street, her damage is different from that of the general traveling public, and she suffered damage special and peculiar to this property, and different from that of the general public.

In *Vanderburgh v. City of Minneapolis*, 98 Minn. 329, where the facts are closely analogous, the court said: "Plaintiff owned certain lots fronting on First street in the city of Minneapolis. The city, by action of its council, vacated that portion of said street from the line of plaintiff's lots to the right of way and depot grounds of defendant railway company, thus cutting off plaintiff's right of ingress and egress from that direction and leaving his property fronting on a cul-de-sac or blind alley. Held, That by the vacation of the street plaintiff suffered an injury special and peculiar to his property, not common to the public at large, and is entitled to compensation under the provisions of our amended constitution which forbid the taking or damaging of private property for a public use without compensation."

No error is found in the record, the verdict does not appear excessive, and the judgment is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.