Francis J. Burkley, appellee, v. City of Omaha, appellant.

FILED MARCH 16, 1918. No. 19883.

1. **Municipal Corporations**: VACATION OF STREETS: DAMAGES. "Where part of a street is vacated, the general rule is that only those property owners whose property abuts upon the vacated part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation." *Enders v. Friday*, 78 Neb. 510.

2. ———: ———: ———. Under this rule, the fact that the property, by reason of the vacation, is left located in a cul-de-sac makes no difference.

3. **Judgment**: SPECIAL TRIBUNALS: DECISIONS: CONCLUSIVENESS. "The decision of a special tribunal, where it has jurisdiction of the subject-matter and parties, is conclusive, unless reversed or modified in the mode provided by law." *State v. Nelson*, 21 Neb. 572.

4. **Municipal Corporations**: SPECIAL ASSESSMENTS: FAILURE TO APPEAL: ESTOPPEL. Property owners who have appeared before the city council and urged their objections to a proposed special assessment for a public improvement, and have failed to appeal from the action of the council with respect thereto, are thereafter estopped to question the assessment or maintain an action to enjoin its enforcement, unless the council was wholly without jurisdiction to order the same.

Burkley v. City of Omaha.

5. ———: Grading of Street: Claims for Damages: Notice. Section 4089, Rev. St. 1913, empowers the mayor and council of the city of Omaha to provide by ordinance for notice to property owners of a hearing of claims for damages arising from the grading of a street.

6. ———: ———: Resolution. The language of a resolution, declaring it "expedient and necessary" to grade a street, is a sufficient compliance with section 4306, Rev. St. 1913, providing for such resolution.

7. ———: ———: Claims for Damages: Right to Hearing. Plaintiff appeared before a special tribunal for a hearing of claims for damages by reason of the grading of a street. The hearing was postponed to a time to be fixed in the future. Afterwards, the appraisers, constituting the special tribunal, made their report without giving the plaintiff further opportunity to be heard, awarding him, however $200 damages. The law under which the proceedings were had provided for an appeal from the award of the special tribunal, which appeal the plaintiff had opportunity to take. *Held*, that the failure of the special tribunal to give the plaintiff further opportunity to be heard would not render the proceedings void as a denial to plaintiff of due process of law. It is sufficient if the party has an opportunity to appear at some time before a tribunal having jurisdiction, and there procure an adjustment of his rights or liabilities.

8. Statutes: Construction: Time. When a statute specifies the time at or within which an act is to be done, it is usually held to be directory, unless time is of the essence of the thing to be done, or the language of the act contains negative words or shows that the designation of the time was intended as a limitation of the power, authority or right.

9. Muncipal Corporations: Directory Statute. The provision of section 115 (Laws 1905, ch. 14) of the Omaha charter (Rev. St. 1913, sec. 4309), which provides that the committee shall make its report within ten days after its appointment, is directory, not mandatory.

10. ———: Grading of Street: Claims for Damages: Irregularities: Waiver. The plaintiff, by filing his claim for damages after the expiration of the ten days, and by filing his bond for appeal after the adoption of the appraisers' report, waived all irregularities in the proceedings not objected to at the time.

Appeal from the district court for Douglas county: Alexander C. Troup, Judge. *Reversed and dismissed.*

*John A. Rine* and *W. C. Lambert,* for appellant.

*Mahoney & Kennedy* and *Guy C. Kiddoo, contra.*

Cornish, J.

Plaintiff's property was located some 20 feet from a cross street, which was so graded by the defendant city as to make the street in front of his property impassable at the point where it meets the cross street, leaving plaintiff's property in what is denominated a cul-de-sac, or "blind alley." The plaintiff, refusing to accept as in full the damages awarded him in proceedings by the city at the time the city graded the cross street, and failing to prosecute an appeal therefrom, brought this separate action for damages, and recovered judgment therefor, from which the defendant appeals.

Plaintiff's property did not abut upon the part of the street vacated. In *Lee v. City of McCook*, 82 Neb. 26, it is held: "Where a part of a street is vacated, the general rule is that only those property owners whose property abuts upon the vacated part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation." In the body of the opinion, quoting from the opinion in *Enders v. Friday*, 78 Neb. 510, it is said (p. 29): " 'The general rule is that only those property owners whose property abuts upon that part of the street, and who are thus cut off from access to their property, are entitled to damages on account of such vacation.' It would follow, therefore, that the plaintiffs suffered no wrong that would be actionable at law for damages. The only injuries they sustain are such as are common to the community generally. It is true that it is alleged that the appellant Lee will suffer damages, and that his ice plant will be practically destroyed; but the nature of the injury he sustains is not different from that sustained by other persons. He, like others, may be compelled to travel a greater distance in order to reach the north part of the city." See, also, *Van Valkenberg v. Rutherford*, 92 Neb. 803, and *Jones v. City of Aurora*, 97 Neb. 825. In the case last cited, the plaintiff owned three lots, one of which

abutted on the side street vacated. The court said (p. 830): "The three lots are used as one tract, having common improvements, and, in assessing damages, must be treated as a single piece of property." This holding is not inconsistent with former holdings. In the body of the opinion the decision in *Vanderburgh v. City of Minneapolis*, 98 Minn. 329, is cited as one where the facts were analogous, and in which it was held that, where one's property is made to front on a cul-de-sac, his injury is different, not only in degree but in kind, from others. How far the court approved of this holding is not further shown. The question involved was not at all necessary to the decision. So long as the damages sustained depend upon being "compelled to travel a greater distance in order to reach" other parts of the city, it would seem that the difference in damages is one of degree and not of kind. The damages to the person located in a cul-de-sac may not be appreciably more, may be substantially less, than the damages to the person located a block away from him on the same street. This court has heretofore recognized the fact that all the property owners in one part of town may be appreciably and substantially damaged, whereas the public generally will not be damaged at all, but benefited. When one's property abuts upon the street vacated, he clearly stands upon a different footing. His easement is taken away from him and his use of the property may be destroyed altogether. *Gillespie v. City of South Omaha*, 79 Neb. 441, is cited by plaintiff. In this case, "the city closed L street (the street in front of plaintiff's property) from Thirty-eighth street west to Thirty-ninth street, and vacated the south half of L street between Thirty-eighth and Thirty-ninth streets." Here, too, the damages suffered were different in kind from that of the community generally. The easement of the street in front of plaintiff's property was taken in part for the building of a viaduct.

All public improvements are liable to be beneficial to some and damaging to others. Even the changing of

the location of a post office will affect the ownership of property unequally. It is a better rule to hold that people purchasing property must contemplate public improvements of this character and make their purchases upon such basis. The making of improvements should not be imperiled by the danger of whole neighborhoods bringing suits for damages.

At the time the improvement at the cross street was ordered in this case, the defendant city, through its special tribunal created for that purpose, undertook to determine the damages occasioned by the grading of the street. The law, under which the proceedings for appraisement and assessment of damages were had, provided for an appeal from the assessment to the district court, and provided further that "the remedy by appeal herein allowed shall be deemed and held to be exclusive." Rev. St. 1913, sec. 4398. "The decision of a special tribunal, where it has jurisdiction of the subject-matter and parties, is conclusive, unless reversed and modified in the mode provided by law." *State v. Nelson*, 21 Neb. 572.

In this case an appeal was attempted, but no valid appeal taken. The plaintiff contends that the proceedings for appraisement of damages were vitiated by the violation of constitutional rights and statutory requirements. We will consider the objections made as they appear in the brief:

(1) It is said that the procedure was void because the law made no provision for notice to the owner (plaintiff) and an opportunity for him to be heard. If the law were unconstitutional because it made no provision for notice or hearing, it is very likely that proceedings had under it would be void. Section 4089, Rev. St. 1913 (Omaha charter), provides as follows: "When by this chapter the power is conferred upon the mayor and council to do and perform any act or thing, and the manner of exercising such power is not specially pointed out, the mayor and council may provide by ordi-

nance the details necessary for the full exercise of such power." In pursuance of this enactment the city did pass an ordinance providing for "notice (to the property owners) of the time, place and purpose" of the hearing. The plaintiff did have notice of the meeting and appeared. We are of opinion, therefore, that there is no merit in this contention.

(2) It is contended that the proceedings are void because the city proceeded neither by resolution nor ordinance, as required by sections 4306, 4309, Rev. St. 1913. Under these sections of the law, the city acquires jurisdiction to grade the street either by published resolution, declaring the necessity of grading, and giving property owners 30 days in which to protest, or by ordinance after the filing of the petition of a certain per cent. of the property owners. We are of opinion that the resolution of February 1, declaring it "expedient and necessary" to grade Twenty-fourth street, which was published as provided by the law, constitutes a sufficient compliance with section 4306, *supra*, which provides for an order for grading by resolution. Following this resolution, no protest being filed, the ordinance approved March 19 was passed, declaring it "proper and necessary to grade" the street. This ordinance, appointing an appraisement committee, was a compliance with section 4309, *supra*, requiring such appointment before streets are ordered graded.

(3) The law gives property owners 30 days from the time of the published resolution in which to file protests. No protests were filed. The fact that in the published resolution the time for filing protests is stated as if expiring March 2, instead of March 3, would not deprive the property owner of his right to file, nor deprive the city of its jurisdiction to proceed.

(4) The plaintiff had notice of the day fixed for hearing, appeared, and filed his claim for damages. The hearing was then postponed to a time to be fixed in the future. Twenty days after this meeting, the apprais-

ers made their report without giving the plaintiff further opportunity to be heard, awarding him, however, $200 damages. The appraisement committee had acquired jurisdiction of the parties and the subject-matter, and we are of opinion that this irregularity would not amount to such a denial of due process of law as to deprive the city of its jurisdiction. The plaintiff still had his right of appeal. He did afterwards file his appeal bond and transcript of the proceedings within the time required. As long as the plaintiff was still given an opportunity to appear at some time before a tribunal having jurisdiction and there procure an adjustment of his rights, the rule requiring due process of law has not been violated. The plaintiff had this opportunity in the district court, but failed to avail himself thereof, and he is estopped from bringing a separate action.

(5) At the time originally set for hearing, only two of the three commissioners, constituting the appraisement board, were present, and the hearing was postponed. No claim of fraud upon the part of the commissioners is made. It is argued that it required the presence of the whole board to constitute a valid hearing. The record shows that the whole board did join in the final report. If there was any irregularity in this respect, the plaintiff's remedy was by appeal.

(6) The charter provided that the appraisement committee should make its report within 10 days from the time of its appointment. In this case the report was not made until 48 days after the appointment. It is contended that this operated to deprive the board of its jurisdiction to proceed. The evidence shows that oftentimes it would occur that such board would be unable to give notice and conduct its investigation and complete its deliberations within ten days. We are of opinion that this provision of the statute should be construed as directory rather than as mandatory. At most, it would constitute a mere irregularity.

(7) It is contended that the report of the appraisers is void because it did not show that they took into consideration the amount of special benefits, as required by the law. This provision of the law is intended for the benefit of those who may be assessed, and not for those who are to be awarded damages. It is difficult to see how the plaintiff could in this way be prejudiced. We are of opinion, however, that the record does show affirmatively that the committee did take benefits into consideration. The ordinance under which it was acting so provided. The appraisers made their oath that they would do so, and their report discloses that they had considered "all matters in relation to the damages occasioned by said proposed grading, as declared necessary by Ordinance No. 6647."

(8) The further contention is made that the proceedings are void because no opportunity to protest against the report was given before its adoption by the council, as provided by section 4308, providing for an appeal. As was held in *Creighton University v. City of Omaha,* 91 Neb, 486, the right to appeal from the appraisers' report is not given by section 4308, but by section 4398 of the statute, which does not make the right depend upon the filing of the protest.

As before stated, the plaintiff attempted to make an appeal, but did not perfect it. It is argued that an abortive appeal from a void appraisal does not make the appraisal valid, nor estop the plaintiff from recovering his damages in a common-law action. We are of opinion that the appraisal was not void. The law under which the appraisal proceeded was not unconstitutional. The jurisdiction over the parties and the subject-matter was acquired by the special tribunal. Mere irregularities in procedure would not be sufficient to oust them of jurisdiction in any event. If irregularities were committed prejudicial to the plaintiff, his remedy was by appeal, and, having failed to avail himself of the remedy provided by law, declared

to be exclusive, this separate action should be dismissed.

For additional cases bearing on the questions involved, see *Harmon v. City of Omaha*, 53 Neb. 164; *Medland v. Linton*, 60 Neb. 249; *Omaha & N. P. R. Co. v. Sarpy County*, 82 Neb. 140; *State v. Several Parcels of Land*, 83 Neb. 13; *Dettman v. Pittenger*, 89 Neb. 825; *Heller v. Atchison, T. & S. F. R. Co.*, 28 Kan. 625; *Davis v. County Commissioners*, 153 Mass. 218; *Dantzer v. Indianapolis U. R. Co.*, 141 Ind. 604; *People v. Board of Supervisors of Lake County*, 33 Cal. 487; *Weaver v. City of Chickasha*, 36 Okla. 226; *Beaumont v. Wilkes-Barre City*, 142 Pa. St. 198; *City of Newark v. Hatt*, 77 N. J. Law, 48, 30 L. R. A. n. s. 637; 1 Lewis, Eminent Domain (3d ed.) sec. 202; 3 McQuillin, Municipal Corporations, sec. 1408.

For the reasons given in this opinion, the judgment of the trial court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SEDGWICK, J., not sitting.