ARTHUR JENNINGS HANSON ET AL., APPELLANTS, V. CITY OF
OMAHA ET AL., APPELLEES.

46 N. W. 2d 896

Filed March 23, 1951.   No. 32920.

*Swenson, Viren & Turner*, for appellants.

*Wells, Martin & Lane, Edward F. Fogarty, Edward Sklenicka, James M. Paxson*, and *Herbert M. Fitle*, for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action challenging the power of the city of Omaha to vacate certain streets and alleys by ordinance and to enjoin enforcement. The trial court denied relief. We reverse the judgment of the trial court and remand the cause.

The parties plaintiff to this action allege that they are citizens and residents of Omaha, fee owners of real estate in the city, and users of its streets and alleys, and that they have a particular interest in the streets purported to be vacated and their property will be ad-

versely affected. They sue for themselves and all others similarly situated.

The defendants in effect are two: The city of Omaha, hereinafter called Omaha, and the Home of the Good Shepherd of Omaha, Inc., hereinafter called the Home.

The charter provisions involved are sections 14-324 and 14-375, R. S. 1943. Claiming to act pursuant to either or both of those provisions, Omaha enacted ordinance No. 16354, vacating certain parts of two streets and an alley. Plaintiffs challenge the validity of this ordinance and seek to enjoin its enforcement.

It is admitted by the pleadings that the streets and alley involved in this vacation ordinance were originally a part of West Omaha. The plat and survey of West Omaha were recorded on July 5, 1866, and as of that date the owner dedicated "to the Public the Streets laid down and marked on said plat." West Omaha became a part of Omaha by ordinance in 1887 and 1897.

The first contention here is that these streets and alleys having been dedicated prior to statehood and prior to the enactment of the statutes and home rule charter here involved, the dedication constituted a contract between the donors and Omaha, and Omaha is without power to change the dedication.

We deem it necessary only to point out that the Territorial Legislature provided for the platting of property into lots, streets, etc., defined the effect of said platting, and provided that any such plat could be vacated in whole or in part under procedures there outlined. See Territorial Laws 1855 (2d Session), Part 1, c. V, p. 43, approved January 23, 1856. These provisions were reenacted with minor amendments in 1866, effective July 1, 1866. C. LIII, §§ 42-50, R. S. 1866.

It is the general rule that the streets of a city, whether acquired by condemnation or dedication, are subject to the power of vacation. 64 C. J. S., Municipal Corporations, § 1666, p. 38; 44 C. J., Municipal Corporations, § 3620, p. 895; 25 Am. Jur., Highways, § 118, p. 415; Lindsay v.

Omaha, 30 Neb. 512, 46 N. W. 627, 27 Am. S. R. 415. It is quite apparent that power to vacate existed when the plat and dedication were made. It is also apparent that the power exists now.

The question then comes as to whether or not Omaha has proceeded properly in the exercise of its power to vacate.

Section 14-324, R. S. 1943, is as follows: "The council is authorized to vacate or narrow any street, alley or thoroughfare, but such vacation thereof shall not be ordered except upon a petition of the owners of seventy-five per cent of the taxable foot frontage abutting upon the street proposed to be vacated and asking for such vacation. The council, upon the recommendation of the city planning commission, may, without any petition being filed therefor, by ordinance or resolution vacate any street or alley in the city. Whenever a street is vacated or narrowed the part so vacated shall revert to the abutting owners on the respective sides thereof."

It is admitted that the Home is a religious, educational, and eleemosynary corporation; that its properties are exempt from taxation; and that it is the owner of all the property abutting on the streets and alley affected by the challenged ordinance. It petitioned for the vacation of the streets and alley.

Omaha recited in the whereas of the ordinance that the owners of 100 percent of the taxable foot frontage abutting the streets and alley had petitioned for such vacation. The next question presented is: Is the Home the owner of the "taxable foot frontage" so as to validate this ordinance under the provisions of the above section? That turns upon the meaning of the word "taxable" as there used.

The constitutional provision is: "The property of the state and its governmental subdivisions shall be exempt from taxation. The Legislature by general law may exempt property owned by and used exclusively for agricultural and horticultural societies, and property

owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user. Household goods of the value of two hundred ($200.00) dollars to each family shall be exempt from taxation. The Legislature by general law may provide that the increased value of land by reason of shade and ornamental trees planted along the highway shall not be taken into account in the assessment of such land. No property shall be exempt from taxation except as provided in this section." Constitution, Art. VIII, § 2.

The statutory provision is: "The following property shall be exempt from taxes: (1) The property of the state and its governmental subdivisions; (2) Property owned by and used exclusively for agricultural and horticultural societies; (3) Property owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user; and (4) Household goods of the value of two hundred dollars to each family. The increased value of land by reason of shade and ornamental trees planted along the highway shall not be taken into account in the assessment of such land." § 77-202, R. R. S. 1943.

Exemption of property from taxation in the above classes then rests either on direct constitutional provision or legislative act on constitutional authority.

The plaintiffs argue here that, to be taxable, property must be subject to general taxation. The Home argues here that property cannot be exempt from taxation unless it is first taxable; that the Home's property is taxable but exempt from taxation by statute; and that in the case of the Home, its exemption comes not from ownership but from use.

There are provisions of our statutes that give indication of the legislative meaning: Section 77-1301, R. R. S. 1943, "All real property in this state *subject to taxation*

shall be assessed * * *"; section 77-1306, R. R. S. 1943, "Each county assessor * * * shall * * * take a list of all real property that shall have become *subject to taxation* * * *"; section 77-1317, R. R. S. 1943, "It shall be the duty of county assessors to cause all lands * * * that, for any reason, have not been assessed or have escaped taxation * * * when the same were *liable to taxation* * * *"; and section 77-1319, R. R. S. 1943, "A list of lands becoming *taxable* for the first time * * *." (Emphasis supplied.)

The Legislature obviously used the words "liable to taxation," "subject to taxation," and "taxable" as generally meaning one and the same thing.

Webster's New International Dictionary, Second Edition, defines "taxable" as "Capable of being taxed; liable by law to the assessment of taxes." By the same authority "exempt" means "not subject to."

We have not been cited to any of our decisions dealing directly with this question, although the Home cites our decision in Eddy v. City of Omaha, 72 Neb. 550, 101 N. W. 25, on rehearing, 72 Neb. 559, 102 N. W. 70, on second rehearing, 72 Neb. 561, 103 N. W. 692, wherein it appears that the property of a school district was included in counting the "taxable front feet" in an improvement district. The question there determined was whether or not the signature of the board by its president was sufficient to bind the district.

The courts of other jurisdictions have considered and decided the question. Their decisions support the rule that taxable property means property that may be legally taxed, or, stated otherwise, property which is not exempt from taxation. McKinney v. McClure, 206 Iowa 285, 220 N. W. 354; City of Buffalo v. Le Couteulx, 15 N. Y. 451; Steel v. Fell, 29 Or. 272, 45 P. 794; Custer County v. Yellowstone County, 6 Mont. 39, 9 P. 586; Williams v. School District No. 32, 56 Wyo. 1, 102 P. 2d 48; State v. Birmingham Southern Ry. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D 436; Pullman Car &

Mfg. Corporation v. Hamilton, 229 Ala. 184, 155 So. 616; State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610. We follow that rule as consistent with our constitutional and legislative provisions. It follows that the ordinance here assailed cannot be sustained under the "petition of the owners of seventy-five per cent of the taxable foot frontage abutting upon the street" provision of section 14-324, R. S. 1943.

This brings us to the third contention of plaintiffs.

While Omaha and the Home contend here that the ordinance was initiated and is valid under the provisions of section 14-324, R. S. 1943, nevertheless they contend also that it is valid under the provisions of section 14-375, R. S. 1943. That section is: "Upon the recommendation of the city planning commission, the city council may, by ordinance or resolution, vacate any street or alley within any such city, without any petition being filed therefor. *Before any such street or alley shall be vacated, the council shall appoint a committee of at least three members thereof, who shall faithfully and impartially and after reasonable notice to the owners and parties interested in property affected by such vacation, assess the damages, if any, to such owners and parties affected.* They shall take into consideration the amount of special benefits, if any, arising from such vacation and shall file their report in writing with the city clerk. Any owner or party interested in property affected by such vacation, who shall file a written protest with such committee, may appeal from the adoption by the council of such appraisers' report in the manner provided in section 14-379, but such appeal shall not stay the passage of the ordinance or resolution vacating such street or alley. The award of appraisers shall be final and conclusive as the order of a court of general jurisdiction, unless appealed from."

Plaintiffs attack the ordinance under the section also because of the failure of Omaha to comply with that part of the statute emphasized above.

The ordinance purports to vacate 39th Street from Jones Street to Jackson Street and approximately halfway to Dewey Avenue, Jackson Street for approximately half a block east of 39th Street, and an alley for approximately half a block east of 39th Street between Jones and Jackson Streets. Stated otherwise, it leaves 39th Street as a dead end street for half a block south of Dewey; it leaves Jackson Street a dead end street for half a block west of 38th Avenue; and it changes an alley in the block between Jackson Street and Jones Street east of 39th Street from a T shape with openings on Jackson Street, 38th Avenue, and 39th Street, to an L shape with openings only on Jackson Street and 38th Avenue.

Some of the plaintiffs own property or have rights of use in property abutting on the dead end streets and that part of the alley not closed under the ordinance. They testify that it affects ingress and egress to their garages and damages their property otherwise. There is evidence that 39th Street has a better grade than other streets left open, and that its availability is necessary for heavy loads and for use in icy and snowy weather in reaching their property. Businessmen on Leavenworth Street, to the south of Jones Street, testify that the closing of 39th Street will detrimentally affect traffic from and to their business locations.

It is not disputed that the Home is the owner of all abutting property on the parts of the streets and alley proposed to be vacated and that the Home has waived all damages by reason of the vacating of the streets. Omaha and the Home take the position that "owners and parties interested in property affected by such vacation" means abutting property owners, and "property affected" means abutting property, and that since the abutting property owners (the Home) have waived all damages and since by the law, as they construe it, no one can be entitled to damages, it would be a useless thing, not required by the law, to comply with this

provision. They rely upon our decisions in Kittle v. Fremont, 1 Neb. 329; Enders v. Friday, 78 Neb. 510, 111 N. W. 140; Lee v. City of McCook, 82 Neb. 26, 116 N. W. 955; Van Valkenberg v. Rutherford, 92 Neb. 803, 139 N. W. 652; Burkley v. City of Omaha, 102 Neb. 308, 167 N. W. 72; Karlin v. Franciscan Sisterhood, 109 Neb. 711, 192 N. W. 122.

Plaintiffs rely upon our decisions in Steck v. Platte Valley Public Power & Irrigation Dist., 132 Neb. 822, 273 N. W. 268; Lowell v. Buffalo County, 119 Neb. 776, 230 N. W. 842; and Jones v. City of Aurora, 97 Neb. 825, 151 N. W. 958.

We are not here presented with the question of whether or not the plaintiffs, or any of them, are entitled to damages, but with the question of whether or not they are entitled to be heard on that question by a committee of the council "before" any streets or alleys "shall be vacated."

The provision here is not limited to "owners" of "abutting" property as it was in section 14-324, R. S. 1943. Here the provision is "owners *and* parties interested." Here the provision is property affected by such vacation, with no limitation to abutting property. Here the provision is obviously much broader than the one in section 14-324, R. S. 1943. It includes any owner or party interested in property who may suffer recoverable damage by the proposed vacation; it contemplates a notice, a hearing before the committee of the council, and a determination of his damages, if any, and a written finding of that fact. The section gives him a right of appeal which shall not stay the passage of the ordinance. All these steps, including the filing of the written report of the committee, are to be taken before the passage of the ordinance vacating the street. Compliance with the provision is an essential act to the valid enactment of the ordinance. That essential step was not taken here. It accordingly follows that the ordinance is invalid.

Plaintiffs are entitled to the injunction which they

seek. The judgment of the district court is reversed and the cause remanded with directions to enter a decree in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.