110 N.J. Super. 449 (1970)
266 A.2d 133
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-RESPONDENT,
v.
MONMOUTH HILLS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1970.
Decided June 11, 1970.
*450 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Vincent J. Jennings argued the cause for appellant.
Mr. Fred R. Gruen, Deputy Attorney General argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
So that it might construct a reverse jug handle turn on Route 36 in Middletown Township, plaintiff acquired by condemnation a portion of defendant's lands abutting the southerly line of Route 36. At the trial of the appeal from an award made by condemnation commissioners, the jury found that $4500 was the compensation to be paid defendant for the land taken and the damage to the remainder of its lands by reason of the taking.
Defendant appeals from the judgment entered on the jury verdict, arguing that it was entitled to compensation beyond *451 that encompassed in the verdict, which was limited to the value of the .577 acres taken and the damage to the remaining 2.206 acres of its tract. To evaluate that argument requires a brief resume of the relevant facts.
The 2.783 acre tract owned by plaintiff prior to the taking constituted a green belt or buffer zone extending around a building development known as Monmouth Hills in which there exist approximately 36 individually owned homes and 12 building sites, the latter apparently owned by defendant. Access to and from Route 36 into the development was afforded by Monmouth Drive (sometimes referred to as Serpentine Drive), a street running southerly from the southerly line of Route 36, and a second street situate some 1100 feet to the east of Monmouth Drive. The westerly line of Monmouth Drive is 57 feet distant (measured along Route 36) from the easterly line of the land taken for the jug handle.
No part of either Monmouth Drive or of the other street leading into the development was taken by plaintiff. The taking itself involved no impairment of access. Access to and from Route 36 to the homes and sites in the Monmouth Hills development  through Monmouth Drive and the street 1100 feet to the east  remained the same after the taking as it was before the taking.
Defendant's asserted claim to additional compensation is bottomed on the circumstance that the State proposed to close, contemporaneously with the construction of the jug handle, an opening in the median strip or center barrier of Route 36 located opposite the mouth of Monmouth Drive. That opening had permitted automobiles leaving Monmouth Drive to go west on Route 36 by driving through the opening and making a left-hand turn. Once the opening was closed, an automobile leaving Monmouth Drive and desiring to proceed west on Route 36 would be compelled to take a more circuitous route, to drive east along Route 36 to a street enabling it to accomplish a U-turn.
We find no merit in the defendant's claim to additional compensation  which here defendant would equate to the *452 cost of installing ramps to obviate the necessity of using the more circuitous route  even if we accept arguendo its contention that it is entitled to assert the rights of the individual landowners in the Monmouth Hills development so that the consequential damages to be admeasured were not only those suffered by the remaining 2.206 acres of the buffer zone but also those, if any, suffered by the entire Monmouth Hills building development. The latter suffered no compensable damage.
There has been no deprivation of access. The closing of the opening in the center barrier with the consequence that those leaving Monmouth Drive and desiring to proceed west will have to use a more circuitous route does not constitute a compensable taking of, or compensable damage to, property. Tubular Service Corp. v. Com'r. State Highway Dept., 40 N.J. 331, 332 (1963), aff'g 77 N.J. Super. 556 (App. Div. 1963); cf. Mueller v. N.J. Highway Authority, 59 N.J. Super. 583 (App. Div. 1960).
Nor does such closing of the opening in the center barrier give rise to a right of compensation because it is being done contemporaneously with the construction of a nearby jug handle turn on land which the State is acquiring by exercise of its power of eminent domain. Jacobson v. State, State Highway Commission, 244 A.2d 419, 421-422 (Me. Sup. Jud. Ct. 1968); Painter v. State, Department of Roads, 177 Neb. 905, 131 N.W.2d 587, 590-591 (Sup. Ct. 1964).
Apposite is what the Nebraska Supreme Court said in Painter v. State, Department of Roads, supra at 590-591:
"The right of access of an abutting property owner to a public road is not an unlimited one. He is entitled to reasonable access and the state in the exercise of its police power may limit access to abutting private property if reasonable access remains. * * * The leaving of three 30-foot curb cuts on the west side of plaintiffs' property constituted a reasonable access thereto. It is not arguable that the regulation of ingress and egress under the situation here shown was an unreasonable exercise of the police power. The plaintiffs are entitled to the value of the land taken and any damages to the remaining land that result from such taking.
*453 It is here contended that the construction of islands in the streets which prevented left turns onto plaintiffs' property from the west constituted a compensable damage. The general rule is that an abutting landowner has no vested interest in the flow of traffic past his premises and that any damages sustained because of a diversion of traffic is not compensable. This rule applies where a road or street is relocated. * * * It likewise applies to the control of turns by double lines, islands, and median strips. * * * Mere circuity of travel to and from real property, resulting from a lawful exercise of the police power in controlling traffic, does not of itself constitute an impairment of the right of ingress and egress to and from such property where the resulting interference is but an inconvenience shared in common with the general public and is necessarily in the public interest in making highway travel safer and more efficient. If the owner has the same access to the general highway system as before, this injury is the same in kind as that suffered by the general public and is not compensable. * * * The fact that the construction of the islands in the instant case was concurrent with the construction of the widened street is not a material factor. The rule is the same as if the islands had been constructed without the taking of any property by eminent domain. * * *
The situation may be summed up as follows: Property owners abutting upon a public thoroughfare have a right to reasonable access thereto. This right of ingress and egress attaches to the land. It is a property right as complete as ownership of the land itself. But as to damages claimed by reason of a change in the flow of traffic by placing medians in the center of a street, they result from the exercise of the police power by the state and are noncompensable as being incidental to the doing of a lawful act. As such, they are wholly unrelated to the taking of the land for the purpose of widening the street and constitute no element of damage to the land remaining after the taking."
To the foregoing may be added the comments of the Maine Supreme Court in Jacobson v. State, State Highway Commission, supra at 421-422, in approving the rule adopted by "the great majority of the courts":
"The reasoning of these courts has been that the landowner has no vested property right in the continuation of the flow of traffic past his door and that changes of traffic patterns and routes result from the exercise of the police power of the State and are non-compensable even when the traffic diversion is concurrent with a taking of land. Such landowner having had no property rights in the traffic flow before the change in traffic pattern, lost no rights when the change was made. These decisions hold that while the abutting landowner has a property right in reasonable *454 access to the public streets he has no right that such access and the opportunity for his guests to reach him shall be by the most direct or most convenient route. We are impressed by the reasoning of the courts stating this point of view * * * [citing cases].
Approval of this view is found in Nichols on Eminent Domain, Section 6.4443 (4) and Kaltenbach, Just Compensation, Section 2-5-2."
The judgment is affirmed.