260 N.J. Super. 555 (1992)
617 A.2d 284
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
JOHN VAN NORTWICK, DEFENDANT-RESPONDENT, AND ROBERT W. BLISS; ELLA R. BLISS; UNITED JERSEY BANK/MID STATE, A BANKING INSTITUTION OF NEW JERSEY; DRAZIN & WARSHAW, ESQUIRES; TOWNSHIP OF DOVER, IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1992.
Decided December 3, 1992.
*556 Before Judges BILDER, BAIME and WALLACE.
*557 Lorinda Lasus, Deputy Attorney General, argued the cause for appellant (Robert J. Del Tufo, Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Ms. Lasus, on the brief).
John H. Buonocore, Jr. argued the cause for respondent (McKirdy and Riskin, attorneys; Mr. Buonocore, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is a condemnation case. We are confronted with the question of whether the diminution of access to the fronting highway is a compensable element of a condemnation taking. The State contends that such a diminution is not compensable if the remaining access is reasonable. It appeals from a final judgment claiming error in the refusal of the trial judge to exclude from evidence those portions of the appraisal experts' opinions which attributed value to the diminution of access and the refusal of the trial judge to instruct the jury that it might not consider the diminution of access as an element of damage if reasonable access remains.
Defendant is the owner of a 1.65 acre rectangular parcel of land located on the northerly side of Route 37 in Dover Township. It extends along the highway for approximately 328 feet and, before the taking, was some 220 feet deep. In connection with the improvement of the highway, the State took a 28 1/2 foot strip of land across the entire frontage, .232 acres in area, for the construction of a deceleration lane and an exit ramp.[1] Before the taking, defendant's land had access to Route 37 throughout its full 328 foot frontage. After the taking, apparently because of the ramp, access is limited to the easterly 140 feet. The existing driveway, located on the easterly side of the *558 property, has been relocated to the north along the new right of way. Although both parties' appraisal experts attributed a value to the diminution of access, they both agreed that the remaining 140 feet of access is reasonable.
The principles of law governing compensation for injury to a landowner's access to property are well established.
Access to a public highway is a property right and its deprivation requires just compensation. Mueller v. N.J. Highway Auth., 59 N.J. Super. 583 [158 A.2d 343] (App.Div. 1960). On the other hand, "the property owner is not entitled to access to his land at every point between it and the highway but only to `free and convenient access to his property and the improvements on it.'" Id. at 595 [158 A.2d 343]. Where, by virtue of state action, access is limited but remains reasonable, there is no such denial of access as entitles the landowner to compensation. State Highway Comm'r v. Kendall, 107 N.J. Super. 248 [258 A.2d 33] (App.Div. 1969) (limitation of access to designated openings resulting from the installation of curbing and railing along highway); State v. Stulman, 136 N.J. Super. 148 [345 A.2d 329] (App.Div. 1975) (substitution of more circuitous access roads).
Nor is a landowner entitled to compensation by virtue of inconvenience caused by the need to follow a more circuitous route. State v. Monmouth Hills, Inc., 110 N.J. Super. 449 [266 A.2d 133] (App.Div. 1970) (loss of left turn access resulting from installation of center barriers); State v. Stulman, supra (substitution of more circuitous access road); see State v. Interpace Corp., 130 N.J. Super. 322 [327 A.2d 225] (App.Div. 1974) (access made more difficult by the need to cross a newly constructed feeder lane to Interstate Route 80). [State v. Charles Investment Corporation, 143 N.J. Super. 541, 544-545, 363 A.2d 944 (Law Div. 1976), aff'd o.b., 151 N.J. Super. 14, 376 A.2d 534 (App. Div. 1977), aff'd o.b., 76 N.J. 86, 385 A.2d 1227 (1978).]
Although a diminution of access may cause other conditions on the property itself which may be compensable, as for example, as noted by defendant's expert Graziano, such things as a limitation of design options or on-site maneuverability, as long as the remaining access is reasonable, the diminution per se is not compensable. See Com'r of Transp. v. Nat. Amusements, 244 N.J. Super. 219, 222-226, 581 A.2d 1353 (App.Div. 1990); State v. Stulman, 136 N.J. Super. 148, 155-156, 345 A.2d 329 (App.Div. 1975); State v. Charles Investment Corporation, supra. In view of the lack of dispute as to the reasonableness of the remaining access, the trial judge's failure to exclude the *559 diminution of access as an element of damages was error requiring reversal.
A good deal of the problem below has a semantic origin. In her oral decision of October 31, 1991, the trial judge described the State as arguing that diminution of access was not compensable because it was not a taking and she properly noted that the diminution of the access would, according to both experts, apparently result in a diminution of the property's value. The noncompensability of a diminution of access when the remaining access is reasonable does not occur because there has not in a real sense been a taking nor because it does not result in a diminution in the value of the landowner's property, but because, as a matter of public policy, we do not compensate for such losses. An abutting owner has no vested right to a particular access to a highway; provided the remaining access is reasonable, any damages that may be sustained because of a change or diminution of that access does not constitute an element of damage to the land and is not compensable. See High Horizons Dev. v. Dept. of Transp., 120 N.J. 40, 48-49, 575 A.2d 1360 (1990); Com'r of Transp. v. Nat. Amusements, supra, 244 N.J. Super. at 222-225, 581 A.2d 1353; State v. Charles Investment Corporation, supra; N.J.S.A. 27:7-90e, f, and g.
Reversed.
NOTES
[1] Because of the ramp, the northerly line of the taking curves northward for the westerly 65 feet to a total depth of 61 1/2 feet.