IRA PAINTER ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

131 N. W. 2d 587

Filed December 4, 1964. No. 35766.

906

McGinley, Lane, Mueller & Shanahan and Frank B. Morrison, Jr., for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., James F. Peterson, and Richard L. Dunning, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

CARTER, J.

This is an action by plaintiffs against the State of Nebraska to recover compensation for the appropriation of 573.84 square feet of land in an eminent domain proceeding, and for damages to the remainder of plaintiffs' land resulting from such appropriation. The jury returned a verdict for the plaintiffs in the amount of $286.92 with interest. Plaintiffs have appealed.

Plaintiffs are the owners of a tract of land which is 207 feet north and south, and 200 feet east and west, in Grand Island, Nebraska. The land lies in the southwest corner of Section 22, Township 11 North, Range 9 West of the Sixth P. M. in Hall County. Old Highway 281, referred to in this record as Locust Street, lies along the west side of plaintiffs' land. Fonner Park Road lies along the south side of plaintiffs' land and intersects with Locust Street at the southwest corner of plaintiffs' tract. By a previous taking, 502.90 square feet had been taken from plaintiffs' land for rounding the northeast corner of the intersection. An additional 47.04 square feet was taken in this proceeding for that purpose. The remainder of the land taken was a 3-foot strip along the west side of plaintiffs' land from its northwest corner south 175.6 feet to the point of the previous taking.

Plaintiffs' land was occupied by the following structures: A building used as a tavern located on the south end of the tract facing Locust Street, a building on the north side of the tract facing Locust Street, formerly used as a cafe but which was vacant at the time of the taking, and a garage building located 32 feet to the rear of the tavern. The size, construction, and condition of the buildings were fully described in the record. An expert fixed the value of the buildings as follows: The tavern at $6,000, the cafe at $7,500, and the garage at $500.

The evidence shows that there was considerable commercial, industrial, and residential development in the area and to the south of it in the last few years. It

is not disputed that this has resulted in an increase of real estate values. Locust Street is a heavily travelled street which intersects a main east-west highway to the south. Fonner Park Road is a much used street, although its peak traffic is seasonal. Because of the heavy traffic on Locust Street and the safety hazards at its intersection with Fonner Park Road, the State undertook the widening of Locust Street and the construction of islands in the approaches to the intersection. Previous to the taking and construction, traffic moved in and out of plaintiffs' property from the west at any point. After the construction, egress and ingress from the west was by three 30-foot curb cuts. On the south an entrance 28 feet in width remained as before, although some interference is claimed because of the island constructed in Fonner Park Road. The island constructed in Locust Street extends north more than 207 feet along the west side of plaintiffs' property and prevents southbound traffic from turning onto it from the west. The island in Fonner Park Road extends east of the west line of the south entrance and requires a sharp left turn to enter plaintiffs' property by traffic approaching from the west. Plaintiffs produced evidence that they have lost parking space for approximately 6 automobiles because of the highway construction. The evidence shows that 65 to 70 percent of plaintiffs' customers come from the north on Locust Street. It is asserted that the one-way lanes at the islands fence out plaintiffs' customers to their damage.

Plaintiff Ira Painter fixed the value of the land before the taking at $45,000 and its value after the taking at $22,500. J. H. Nitzel, a real estate broker with 30 years experience, placed the value of the property before the taking at $35,000 and $17,500 after the taking. D. W. McDannel, a real estate appraiser and licensed real estate broker, fixed the value of the land taken at $286.92 and the value of the remaining land before and after the taking at $31,713.08. John Thomazin, a licensed realtor,

fixed the value of the land taken at $470.55 and the value of the remaining land before and after the taking at $33,529.45.

On cross-examination the plaintiff Ira Painter testified that the construction of the islands in Locust Street and Fonner Park Road was a primary factor in determining the diminution of the value of the property after the taking. The witness Nitzel also testified the fencing-in of plaintiffs' property by the islands was considered by him as damage to the property. The State moved to strike the evidence of these witnesses for the reason that the construction of the islands afforded no basis for the allowance of damage to the remaining property. The objection was overruled. The petition filed in the district court alleges damages due to the construction of the islands along the west side of plaintiffs' property in Locust Street. A motion to strike this allegation was overruled. The construction of the islands and their control of the direction of traffic as a limitation on access is necessarily a controlling issue on the alleged insufficiency of the verdict.

We point out that the petition of taking did not purport to take a controlled access to plaintiffs' property. The plaintiffs do not assert that the three 30-foot curb cuts on the west side of their property are in themselves an unreasonable limitation of access. The basic contention is that the construction of the islands fences in plaintiffs' property and is a primary cause of the damages alleged.

The right of access of an abutting property owner to a public road is not an unlimited one. He is entitled to reasonable access and the state in the exercise of its police power may limit access to abutting private property if reasonable access remains. Fougeron v. County of Seward, 174 Neb. 753, 119 N. W. 2d 298; Phillips Petroleum Co. v. City of Omaha, 171 Neb. 457, 106 N. W. 2d 727, 85 A. L. R. 2d 570. The leaving of three 30-foot curb cuts on the west side of plaintiffs' property

constituted a reasonable access thereto. It is not arguable that the regulation of ingress and egress under the situation here shown was an unreasonable exercise of the police power. The plaintiffs are entitled to the value of the land taken and any damages to the remaining land that result from such taking.

It is here contended that the construction of islands in the streets which prevented left turns onto plaintiffs' property from the west constituted a compensable damage. The general rule is that an abutting landowner has no vested interest in the flow of traffic past his premises and that any damages sustained because of a diversion of traffic is not compensable. This rule applies where a road or street is relocated. Board of County Commissioners of Santa Fe County v. Slaughter, 49 N. M. 141, 158 P. 2d 859; Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N. W. 2d 60. It also applies where one-way streets are created. Eighth Avenue Coach Corp. v. City of New York, 170 Misc. 243, 10 N. Y. S. 2d 170; City of Memphis v. Hood, 208 Tenn. 319, 345 S. W. 2d 887. It likewise applies to the control of turns by double lines, islands, and median strips. Iowa State Highway Commission v. Smith, 248 Iowa 869, 82 N. W. 2d 755, 73 A. L. R. 2d 680; Brady v. Smith, 139 W. Va. 259, 79 S. E. 2d 851. Mere circuity of travel to and from real property, resulting from a lawful exercise of the police power in controlling traffic, does not of itself constitute an impairment of the right of ingress and egress to and from such property where the resulting interference is but an inconvenience shared in common with the general public and is necessarily in the public interest in making highway travel safer and more efficient. If the owner has the same access to the general highway system as before, this injury is the same in kind as that suffered by the general public and is not compensable. Fougeron v. County of Seward, *supra;* State ex rel. Merritt v. Linzell, 163 Ohio St. 97, 126 N. E. 2d 53; Warren v. Iowa State Highway Commission,

*supra.* The fact that the construction of the islands in the instant case was concurrent with the construction of the widened street is not a material factor. The rule is the same as if the islands had been constructed without the taking of any property by eminent domain. City of Memphis v. Hood, *supra.*

The situation may be summed up as follows: Property owners abutting upon a public thoroughfare have a right to reasonable access thereto. This right of ingress and egress attaches to the land. It is a property right as complete as ownership of the land itself. But as to damages claimed by reason of a change in the flow of traffic by placing medians in the center of a street, they result from the exercise of the police power by the state and are noncompensable as being incidental to the doing of a lawful act. As such, they are wholly unrelated to the taking of the land for the purpose of widening the street and constitute no element of damage to the land remaining after the taking.

The plaintiffs assert that the case of Phillips Petroleum Co. v. City of Omaha, *supra,* is authority for their position. We do not so construe that case. We quite agree that in a proper case the exercise of the police power may result in a taking or damaging in the constitutional sense, as stated in that opinion. But the primary holding of the opinion on this point is: "Appellant was liable to appellee for damages to the remainder of the property which resulted from the construction of the improvement in the streets for which the condemnation power was exercised." Applying the rule to the instant case, plaintiffs are entitled to recover damages to the land not taken which result from the taking of the 3-foot strip of ground and putting it to public use. The construction of the islands and the change of traffic direction resulting therefrom was not the result of the taking of the 3-foot strip, and the noncompensability of the damage resulting from the control of traffic is no more an element of damage than at points where such

traffic controls are installed where no taking by eminent domain is required.

The trial court permitted the plaintiffs to show the construction of the islands and the change in traffic direction as a damage to the remaining property. By instruction No. 4, the trial court told the jury that plaintiffs were entitled to recover the fair .and reasonable market value on August 23, 1962, of the land actually taken and in addition thereto the amount of consequential damages, if any, resulting to the remainder of plaintiffs' land by reason of such taking and in controlling and limiting the right of access thereto. The instruction is more favorable to the plaintiffs than that to which they were entitled under the evidence adduced. The State has not cross-appealed, it evidently being satisfied with the verdict of the jury. The plaintiffs complain of the failure of the trial court to define the word "access" as used in instruction No. 4. No request was made to the court to define the term. In any event, the trial court permitted the introduction of all evidence offered by the plaintiffs relating to access, such evidence going beyond that which plaintiffs could properly show. The instruction was more favorable to plaintiffs under the evidence than that to which they were entitled and they are in no position to complain.

Substantially the same objection is made to instructions Nos. 5 and 7. The rule of damages announced in Phillips Petroleum Co. v. City of Omaha, *supra;* Dawson v. City of Lincoln, 176 Neb. 311, 125 N. W. 2d 908; and other cases, are cited in support of plaintiffs' contention. The rule is that, under Article I, section 21, of the Constitution, the condemnee is to recover for all property taken or damaged resulting from the exercise of the right of eminent domain which diminished the market value of the property. In some jurisdictions the noncompensability for constructing islands, double lines, turn controls, and other safety measures and regulations for expediting the handling of traffic, is considered an

exception to the general rule. In one sense of the word this is so. The real distinction is, we think, that such damages are not the result of the taking, but grow out of the exercise of the police power in controlling the direction of traffic which has no relation to any loss of access in the constitutional sense. Instructions Nos. 5 and 7 are more favorable to the plaintiffs than that to which they were entitled and consequently are not prejudicial to plaintiffs.

Plaintiffs further complain of instruction No. 5 in the use of the word "privileged" in stating: "In deciding the fair and reasonable market value of land the jury is privileged to consider the purpose for which it is used, any use to which the land is adapted and for which it is available and for which it may be reasonably anticipated in the immediate future, the condition, situation and surroundings of the land, and every fact and circumstance shown in the evidence bearing upon its value." The same complaint is made as to the use of the word "may" in another part of the instruction stating "there may be taken into account" certain evidence. We do not think the use of the words "privileged" and "may" make the instruction prejudicially erroneous. To hold otherwise would call for too much refinement of language. It would be better, however, to say that "it is your duty to consider," or similar words, and thereby remove any inference that the consideration of the evidence referred to was permissive only.

The contention is advanced that the verdict is inadequate and not supported by the evidence. The verdict of the jury was for $286.92, the exact amount of damage testified to by the witness McDannel. The verdict is within the scope of the evidence. All of the evidence tendered by the plaintiffs was permitted to go to the jury for its consideration, including the evidence of damage caused by the construction of the islands in the streets which damage we hold to be noncompensable.

In addition thereto, the jury was permitted to view the premises.

The evidence shows a taking of a 3-foot strip of ground along the west side of plaintiffs' land. Three 30-foot curb cuts were provided for egress and ingress to and from the street. The jury could find, as it did, that plaintiffs had reasonable access to and from Locust Street. Evidence of noncompensable damages was admitted in evidence which was heard and considered by the jury, and to which the State asserts no error and elects to abide the judgment. Other than the loss of parking spaces for 6 automobiles there is little evidence, if any, of damage to the remaining property resulting from the improvement in the streets for which the power of eminent domain was exercised. Plaintiffs complain that the jury gave no credence to their evidence of damage resulting from the construction of the islands and the fencing in of plaintiffs' property against southbound traffic. This complaint is groundless in that the evidence was incompetent and, if not considered by the jury as asserted, the effect was to cure the error in its admission. The weight and credibility of testimony in a condemnation action is peculiarly of a local nature to be determined by a jury. Kennedy v. Department of Roads & Irrigation, 150 Neb. 727, 35 N. W. 2d 781. Where, as here, the jury is permitted to view the premises involved in eminent domain litigation, the result of its observations is evidence which it may consider in connection with other competent evidence, and a verdict so found will not be disturbed unless clearly wrong. Leffelman v. City of Hartington, 173 Neb. 259, 113 N. W. 2d 107; Chaloupka v. State, 176 Neb. 746, 127 N. W. 2d 291.

We find no error in the record prejudicial to the rights of the plaintiffs. The verdict is within the scope of the evidence and is sustained thereby. The instructions contained no error prejudicial to plaintiffs, in fact they

were more favorable to plaintiffs than they had any right to expect.

Under the record presented here the judgment is correct and it is affirmed.

AFFIRMED.