KRAFT AND SONS, INC., A CORPORATION, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, ET AL., APPELLEES.

153 N. W. 2d 725

Filed October 27, 1967. No. 36599.

188

Johnston, Grossman & Johnston, for appellant.

Ralph D. Nelson, Jerry C. Nelson, Carl C. Kopines, Richard R. Wood, Jack B. Lindner, William L. Walker, Earl Ludlam, Cline, Williams, Wright, Johnson, Oldfather & Thompson, and Kier, Cobb & Luedtke for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action brought by Kraft and Sons, Inc., against the City of Lincoln, Nebraska, the University of Nebraska, and others, wherein plaintiff seeks to recover damages for a loss of business alleged to have been sustained by reason of the vacation of a street and the temporary obstruction of another street. For convenience, the City of Lincoln will be hereinafter referred to as city and the University of Nebraska as university.

Defendants demurred to plaintiff's third amended petition. The trial court sustained the demurrers and, plaintiff having elected to stand upon such petition, dismissed the petition.

Examination of the petition reveals that plaintiff operated a gasoline and oil bulk plant and filling station at the northeast corner of the intersection of Fourteenth and W Streets and also operated ancillary filling stations at various locations, all in Lincoln, Nebraska. Fourteenth Street runs north and south through the area occupied by the university. Avery Avenue commences

at Fourteenth Street and originally ran in a westerly direction at a point just south of the university power plant. As it passed the power plant, it jogged to the north and then continued west. W Street commences at a point on Fourteenth Street, approximately the width of the street to the north of the original intersection of Fourteenth Street and Avery Avenue, and thence runs in an easterly direction. A portion of Avery Avenue lying west of Fourteenth Street was vacated by the city at the request of the university. The university owned the property on both sides of the vacated portion of the street and since the vacation ordinance did not reserve title in the city, the vacated street reverted to the university. Avery Avenue was then relocated at a point a short distance to the west of the university power plant and adjacent to the northern edge of plaintiff's property, the land comprising the street as relocated being conveyed to the city by the university. The university then extended its power plant on to the vacated portion of Avery Avenue. At the intersection of Avery Avenue, as originally located, and Fourteenth Street, Fourteenth Street was barricaded for a period of about 5 weeks to permit the installation of certain utility lines. The petition also sets forth certain portions of the city charter, and it is contended that the charter was violated in several respects in the partial vacation of Avery Avenue, and the temporary obstruction of Fourteenth Street.

As mentioned, numerous questions are raised by plaintiff regarding the legality of the city's action in partially vacating Avery Avenue and in permitting the temporary obstruction of Fourteenth Street. We find that a resolution of these questions is not necessary to a determination of this action.

The petition fails to set forth facts showing that plaintiff's business was located upon property abutting upon the vacated street, or that ingress or egress to plaintiff's place of business was entirely blocked off or unreason-

ably impaired. It does reveal that plaintiff was not, in fact, the occupant of property abutting upon Avery Avenue and that access to plaintiff's premises was available at all times from the north on Fourteenth Street, and from the east, on W Street. It was also available at all times, except for a 5-week period, from the south on Fourteenth Street and, after reconstruction of Avery Avenue, from the west on Avery Avenue and Fourteenth Street.

There are certain well-recognized rules applicable to the situation presented. An owner or person claiming an interest in property not abutting upon streets or alleys proposed to be vacated by action of the city council is not entitled to recover damages unless he has sustained an injury different in kind, and not merely in degree, from that suffered by the public at large, and the fact that such property owner may have to go a more roundabout way to reach certain points does not constitute an injury different in kind from that sustained by the general public, but is one of degree only. See, Enders v. Friday, 78 Neb. 510, 111 N. W. 140; Lee v. City of McCook, 82 Neb. 26, 116 N. W. 955; Van Valkenberg v. Rutherford, 92 Neb. 803, 139 N. W. 652; Burkley v. City of Omaha, 102 Neb. 308, 167 N. W. 72; Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622; Fougeron v. County of Seward, 174 Neb. 753, 119 N. W. 2d 298.

An abutting landowner does not have a vested interest in the flow of traffic past his premises and any damage sustained because of the diversion of traffic is not compensable. See Painter v. State, 177 Neb. 905, 131 N. W. 2d 587.

A property owner may not recover damages for the obstruction of a street or highway unless he has sustained an injury different in kind, and not merely in degree, from that suffered by the public at large. See, Fougeron v. County of Seward, *supra;* Michelsen v. Dwyer, 158 Neb. 427, 63 N. W. 2d 513; Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808.

Plaintiff, at all times, notwithstanding the temporary obstruction of Fourteenth Street and the partial relocation of Avery Avenue, was provided with reasonable access to its business site both by its employees and the general public. Although for a short period, while Fourteenth Street was obstructed and Avery Avenue was being relocated and rebuilt, direct access to the south and west was somewhat restricted and traffic was temporarily diverted to a more roundabout way, such inconvenience as plaintiff sustained was not different in kind from that sustained by the general public, but was one merely of degree. It, therefore, appears that the action of the trial court was correct and should be affirmed.

AFFIRMED.