FLORENCE ROSSITTO ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

258 N. W. 2d 126

Filed October 12, 1977. No. 41108.

John W. McClellan, Jr., of McClellan & Tiedeman, for appellants.

Herbert M. Fitle and Robert J. Hamer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an action by plaintiffs, owners of real es-

tate, to recover damages from the defendant City of Omaha by reason of the vacation of a street. After both sides had presented their evidence and rested, the trial court granted the City's motion for a directed verdict because the plaintiffs had proved no compensable damage. We affirm.

The plaintiffs are the owners of a tract of commercial property located at the northeast corner of the intersection of 30th and Fillmore Streets in the City of Omaha. Fillmore Street abuts the plaintiffs' property on the south and, at the time of the vacation in question, ingress and egress to the plaintiffs' property was afforded only from Fillmore Street. Direct ingress and egress to the plaintiffs' property from 30th Street had, at some previous time, been cut off and is not involved in this action. Two business buildings are located on a portion of the plaintiffs' property, one of which is used as an automobile service station and the other as a package liquor store. The part of the lot not occupied by the buildings is used for vehicular parking ancillary to the two businesses.

By ordinance the defendant City vacated the one block of 29th Street which, prior to the vacation, abutted the east side of the block south of the plaintiffs' property. Fillmore Street connects 30th Street and that portion of 29th Street which was vacated. Fillmore Street now ends at what was 29th Street. At no time did 29th Street extend north of Fillmore Street, nor did Fillmore Street extend easterly beyond 29th Street.

Previous to the vacation, vehicular traffic could use 29th Street to reach Fillmore Street in order to enter or leave the plaintiffs' property. Now all traffic to and from the property must enter and leave Fillmore Street from 30th Street.

Plaintiffs' property is abutted on the east by a north and south alley. To the east of the alley and in the same block with the plaintiffs' property and

fronting on Fillmore Street is a residential property. Fillmore Street is unimproved, as was the vacated block of 29th Street.

The evidence discloses that the damage claimed by the plaintiffs arises solely from some inconvenience of access and whatever diversion of traffic may result from the vacation of the one block of 29th Street. Ingress and egress to the plaintiffs' property from Fillmore Street is unaffected. One of the plaintiffs testified that large vehicles such as tractors with semitrailers attached would have some difficulty leaving the premises because of limited space for turning, whereas formerly they would have entered and left Fillmore Street simply by circling the block south of that on which the plaintiffs' property is located. One of the plaintiffs also testified that other types of vehicles used 29th Street for access to Fillmore Street and their property.

The plaintiffs' service station business does not include the sale of diesel fuel. There is no evidence that the plaintiffs were unable to secure delivery of fuels from their suppliers. The exhibits offered in evidence make it clear that access to the property is not unreasonably restricted by the vacation of 29th Street. There is no evidence that any of the improvements on the property must be modified because traffic to the premises can now come and leave from one direction only.

The following principles are applicable to the disposition of this appeal. An owner of property which does not abut upon a street proposed to be vacated by action of the city is not entitled to recover damages unless he has sustained an injury different in kind and not merely in degree from that suffered by the public at large, and the fact that the property owner or others who must enter or leave the property must take a more roundabout way to reach the property does not constitute special or peculiar injury different in kind from that suffered by the pub-

lic at large. Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622; Kraft & Sons, Inc. v. City of Lincoln, 182 Neb. 187, 153 N. W. 2d 725; Painter v. State, 177 Neb. 905, 131 N. W. 2d 587; Fougeron v. County of Seward, 174 Neb. 753, 119 N. W. 2d 298.

A landowner has no vested interest in the flow of traffic past his property and damage caused by diversion of traffic is not normally compensable. Deyle v. State, 194 Neb. 36, 229 N. W. 2d 565; Verzani v. State, 188 Neb. 162, 195 N. W. 2d 762; Painter v. State, *supra*.

AFFIRMED.