Hillsborough
No. 82-130

MERIT OIL OF NEW HAMPSHIRE, INC.

v.

THE STATE OF NEW HAMPSHIRE & a.

May 6, 1983

*Christy & Tessier*, of Manchester (*Thomas J. Tessier* on the brief, and *Scott F. Innes* orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Martin R. Jenkins*, assistant attorney general, on the brief and orally), for the State.

*Wiggin & Nourie*, of Manchester, and *Kfoury & Williams*, of Manchester (*Paul R. Kfoury* on the brief, and *Dort S. Bigg* orally), for Belluscio Realty Co., Inc., as amicus curiae.

BOIS, J.   The plaintiff, Merit Oil of New Hampshire, Inc., appeals from a decision of the Superior Court (*Goode,* J.) dismissing its claim against the State and other defendants for damages arising out of the construction of a median strip along a road in front of its land. We affirm.

The plaintiff owns and operates a gasoline station at the northeast corner of the intersection of Queen City Avenue (running east-west) and Second Street (running north-south) in Manchester. In an effort to improve traffic safety at the intersection, the State recently constructed a median strip along Queen City Avenue, thereby preventing eastbound traffic from turning left into the plaintiff's station. The plaintiff, which had initially been denied an injunction against the construction, filed a petition in superior court for damages. The State responded by filing a motion to dismiss, which the trial court granted, and the plaintiff appealed to this court.

The plaintiff essentially argues that the trial court's decision to dismiss the case was erroneous because the construction of the median strip by the State constituted a "taking" of the plaintiff's right of access and therefore warranted an award of compensation under State and federal constitutional provisions. *See* N.H. CONST. pt. I, art. 12; U.S. CONST. amend. XIV. We disagree.

■■ A landowner's vested right of access "consists only of access to the system of public highways not of a particular means of access." *Wolfe v. Windham,* 114 N.H. 695, 698, 327 A.2d 721, 723 (1974); *see Cram v. Laconia,* 71 N.H. 41, 52, 51 A. 635, 641 (1901). While a landowner has a right to have his premises accessible to others, *Berlinguette v. Stanton,* 120 N.H. 760, 762–63, 423 A.2d 289, 290 (1980); *Capitol Plumbing & Heating Supply Co. v. State,* 116 N.H. 513, 514, 363 A.2d 199, 200 (1976), he has no property right in the continuation of the flow of traffic past his land. *Division of Administration v. Capital Plaza,* 397 So. 2d 682, 683 (Fla. 1981); *Deyle v. State,* 194 Neb. 36, 37, 229 N.W.2d 565, 566 (1975); *see* Annot., 73 A.L.R.2d 689, 691–98 (1960).

■ In this case, it is readily apparent that the construction of the median strip neither deprived the plaintiff of access to the general system of highways nor physically changed the actual entranceways to the property. *See State v. Shanahan,* 118 N.H. 525, 526–27, 389 A.2d 937, 938–39 (1978). The construction merely altered the flow of traffic on Queen City Avenue. Consequently, because the plaintiff's claim involved only a change in traffic patterns, rather than a dep-

rivation of access, we hold that the trial court correctly dismissed the case.

*Affirmed.*

KING, C.J., did not sit; the others concurred.