FLORENCE ANDERSON, OWNER, AND DENZEL ANDERSON,
HUSBAND OF FLORENCE ANDERSON, APPELLANTS, V. STATE OF
NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.
530 N.W.2d 899

Filed April 27, 1995.   No. S-93-809.

Daniel D. Jewell, of Jewell, Gatz, Collins, Fitzgerald & DeLay, for appellants.

Don Stenberg, Attorney General, and Jeffery T. Schroeder for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.

Florence and Denzel Anderson appeal from the ruling of the district court denying them compensation for damages caused by the closing of an intersection of a county road and U.S. Highway 81 (highway). For the reasons stated below, we affirm the ruling of the district court.

## BACKGROUND

The Andersons own property which is bordered on its west side by the highway, which runs generally north and south. The north border of the property includes a right-of-way on which a county road runs east and west. The county road intersects the highway at the northwest corner of the Andersons' property. In 1978, the State of Nebraska, through the Department of Roads (State), obtained a portion of the Andersons' property through condemnation. In the 1978 proceeding, the State acquired a fee simple title to a 2.59-acre triangular tract in the northwest corner of the Andersons' property. The State also acquired Andersons' right of access to the property along its western border. The documents which describe the State's interest deny

the Andersons the right to ingress or egress over the western border "except, over the existing public road along the north line of [Andersons' property]."

The Andersons' private drive exited the property onto the county road at a point immediately to the east of the highway. To access the highway, the Andersons could turn left out of the private drive onto the county road where it intersected the highway.

The State instigated this condemnation proceeding through which it obtained 3.44 acres of the Andersons' property. The State also barricaded the county road where it intersected the east side of the highway. The amount awarded in the condemnation proceeding for the 3.44 acres has not been contested. The Andersons sought additional compensation for the closing of the county road at the intersection of the highway. After the completion of a new county road, the Andersons will have access to the highway by turning right out of the private drive, traveling 1,400 feet along the existing county road, turning left onto a new county road, and traveling 1,000 feet to the intersection with the highway.

In the Andersons' suit for damages, the State filed a motion in limine to exclude evidence of the diminution of value of the property due to the closing of the intersection. The State argued that the evidence was immaterial because the Andersons had no compensable property right in the intersection. The State claimed that the right to maintain the access to the highway was a right in favor of the public.

The Andersons filed a motion for summary judgment asking the court to find that they had a property right in access to the highway. In considering the pretrial motions, the trial court ruled that the Andersons had no compensable, private property right in the intersection. The trial court ruled in favor of the State's motion in limine and against the Andersons' motion for summary judgment.

The case was tried on stipulated facts, including an offer of proof submitted by the Andersons regarding the diminution of value of the east property caused by the closing of the intersection, and the State's objection thereto. The trial court refused to allow the evidence, citing it as immaterial and

irrelevant. The Andersons were denied recovery of damages for the closing of the county road from which they had previously accessed the highway. This appeal followed.

## ASSIGNMENTS OF ERROR

The Andersons cite four errors of the trial court: (1) the granting of the State's motion in limine and refusing to allow evidence of diminution of value of the property due to the closing of the intersection because of immateriality; (2) the failing to grant the Andersons' motion for summary judgment; (3) the finding as a matter of law that the Andersons did not have a property right in access to the highway and, therefore, no special damages; and (4) the sustaining of the State's objection to the Andersons' offer of proof at trial.

## STANDARD OF REVIEW

In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in the admissibility of evidence. *Kroeger v. Ford Motor Co., ante* p. 323, 527 N.W.2d 178 (1995); *Terry v. Duff*, 246 Neb. 524, 519 N.W.2d 550 (1994); *McDermott v. Platte Cty. Ag. Socy.*, 245 Neb. 698, 515 N.W.2d 121 (1994). The admissibility of evidence is reviewed for abuse of discretion where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court. *Kroeger v. Ford Motor Co., supra*; *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994); *Kudlacek v. Fiat S.p.A.*, 244 Neb. 822, 509 N.W.2d 603 (1994).

With regard to questions of law, an appellate court is obligated to reach a conclusion independent from the trial court's conclusion. *Fiese v. Sitorius, ante* p. 227, 526 N.W.2d 86 (1995); *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994).

## ANALYSIS

Since in the instant case the facts are stipulated, this court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment. *Dobias v. Service*

*Life Ins. Co.*, 238 Neb. 87, 469 N.W.2d 143 (1991).

The Andersons rely primarily on *Danish Vennerforning & Old Peoples Home v. State*, 191 Neb. 774, 217 N.W.2d 819 (1974), as support for their contention that the blockage of the highway intersection with their abutting county road constituted a compensable taking. In *Danish Vennerforning & Old Peoples Home*, the plaintiff owned property in Omaha abutting North Ridge Drive, which provided the only public access to the plaintiff's property. From the point where the plaintiff's private drive intersected North Ridge Drive, the only available access route was east on North Ridge Drive to 30th Street, a north–south arterial. The westerly portion of North Ridge Drive ended in a dead end.

The defendant in *Danish Vennerforning & Old Peoples Home* was in the process of constructing an interchange for the interstate system at 30th Street. The defendant's plans required it to eliminate access to 30th Street via North Ridge Road, thus eliminating all public access to the plaintiff's land. The defendant entered into a promissory stipulation whereby it pledged to construct an access road from the plaintiff's property at approximately the location of the existing access road onto North Ridge Drive and extending south across North Ridge Drive to Howell Street, the next east–west street to the south of North Ridge Drive. The plaintiff did not consent to the defendant's plan, but the defendant commenced construction without resistance by the plaintiff.

The trial court in *Danish Vennerforning & Old Peoples Home* entered an injunction requiring the defendant to restore the plaintiff's access from North Ridge Drive to 30th Street. The defendant appealed. This court vacated the trial court's decision, but remanded the cause to the trial court to determine the "damages to plaintiff's property resulting from the taking or damaging of access rights." *Id.* at 781, 217 N.W.2d at 823. In the case at bar, the Andersons argue that our holding in *Danish Vennerforning & Old Peoples Home* mandates a finding that the State's act of blocking the intersection between the county road and the highway constituted a compensable taking.

We disagree. *Danish Vennerforning & Old Peoples Home* is distinguishable from the case at bar in that the Andersons still

have viable, useful access to the county road abutting their property. In *Danish Vennerforning & Old Peoples Home*, the plaintiff lost any useful access to North Ridge Road when the 30th Street intersection closed because North Ridge Road became a dead-end street in both directions. The holding in *Danish Vennerforning & Old Peoples Home* is strictly limited to the facts therein.

Our holding in *Fougeron v. County of Seward*, 174 Neb. 753, 119 N.W.2d 298 (1963), is more applicable to the case at bar. The plaintiffs in *Fougeron* owned 240 acres of land, part of which abutted the north side of Interstate 80, and part of which abutted the south side of U.S. Highway 6 in Seward County. The two tracts of land were separated by both Highway 6 and Interstate 80 and the half mile between Highway 6 and Interstate 80. As part of its construction of the interstate system, the state barricaded the intersection between Interstate 80 and a county road, one-quarter mile west of the area where the plaintiffs' property abutted Interstate 80. The plaintiffs sued, seeking damages on the grounds that they were inconvenienced and damaged by the barricading of the county road in that they would be required to travel a longer and more circuitous route in moving vehicles and farm machinery from one tract of land to the other.

This court denied the plaintiffs' claim for damages, holding that the closing of the intersection did not constitute a compensable taking:

> The evidence shows that neither of plaintiffs' tracts of land abuts the intersection at which the county road is being barricaded. Plaintiffs' home place in Section 23 is more than one-quarter mile east of the county road barricade. It is obvious that the barricade will prevent the use of the county road as plaintiffs have used it in the past. It will be necessary for the plaintiffs to use a more lengthy and circuitous route to move . . . from one tract to the other. Their immediate access to the county road is not impeded . . . .
>
> This court has determined that a property owner suffers a compensable damage on account of the construction or vacation of a public road when egress and ingress to his

property are cut off or interfered with and he has no other reasonable means of access. The right of access under such circumstances is property which cannot be taken from him without compensation. But plaintiffs' access to the county road was in no way impeded. It was barricaded some distance from plaintiffs' property. They can still reach their lands by the public road system, although the distance will be greater and the route circuitous. The inconvenience sustained is the same as that sustained by the general public, although it may be greater in degree. . . . [Plaintiffs] have no claim for compensatory damages . . . .

*Id.* at 759–760, 119 N.W.2d at 303–04.

The case at bar differs slightly from the facts in *Fougeron* because the barricaded intersection is nearly adjacent to the Andersons' property. However, in the 1978 proceeding, the State acquired all of the Andersons' rights as abutting landowners of the highway. The Andersons cannot legally cross directly from their property onto the highway. Their only right of access is the abutting county road, and the barricading of the highway intersection does not impede that right of access.

As a general rule, a property owner may not recover damages for the obstruction of a street or highway unless he or she has sustained an injury different in kind, and not merely in degree, from that suffered by the public at large. *Kraft & Sons, Inc. v. City of Lincoln*, 182 Neb. 187, 153 N.W.2d 725 (1967). See, also, *Rossitto v. City of Omaha*, 199 Neb. 260, 258 N.W.2d 126 (1977). The Andersons only had rights as abutting property owners to the county road. Under *Fougeron*, the Andersons have not suffered an injury different in kind from that suffered by the public at large with regard to their right to access the county road. The fact that the Andersons will have to take a slightly longer and more circuitous route to access the highway reflects only a higher degree, not a different kind, of injury. The barricading of the highway intersection did not constitute a compensable taking.

AFFIRMED.