Buck's, Inc., appellant, v.
City of Omaha, appellee.
___ N.W.2d ___

Filed November 25, 2014.    Nos. A-13-980, A-13-981.

1.  **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.
2.  **Trial: Evidence: Appeal and Error.** A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.
3.  **Rules of Evidence: Expert Witnesses.** If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
4.  **Trial: Witnesses.** If a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
5.  **Affidavits.** Statements in affidavits as to opinion, belief, or conclusions of law are of no effect.
6.  **Trial: Witnesses: Proof.** The party offering testimony has the burden to lay foundation by showing that the witness has personal knowledge of the subject matter of the testimony.
7.  **Evidence: Words and Phrases.** Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
8.  **Constitutional Law: Highways: Easements.** The right of an owner of property which abuts on a street or highway to have ingress to and egress from his premises by way of the street is a property right in the nature of an easement in the street, and the owner cannot be deprived of such right without due process of law and compensation for loss.
9.  **Property: Highways.** The right of access of an abutting property owner to a public road is not an unlimited one.
10. **Property.** A property owner is entitled to reasonable access to abutting private property if reasonable access remains.
11. **Property: Highways: Damages.** As a general rule, an abutting landowner has no vested interest in the flow of traffic past his premises and any damages sustained because of a diversion of traffic are not compensable. This rule applies to the control of turns by double lines, islands, and median strips.
12. **Property: Highways.** Mere circuity of travel to and from real property, resulting from a lawful exercise of the police power in controlling traffic, does not of itself constitute an impairment of the right of ingress and egress to and from

such property where the resulting interference is but an inconvenience shared in common with the general public and is necessarily in the public interest in making highway travel safer and more efficient.

13. **Property: Highways: Damages.** If a property owner has the same access to the general highway system as before a diversion of traffic, this injury is the same in kind as that suffered by the general public and is not compensable.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge. Affirmed.

Jason M. Bruno and Robert S. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellant.

Bernard J. in den Bosch, Deputy Omaha City Attorney, and William Acosta-Trejo for appellee.

INBODY, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Buck's, Inc., appeals from the order of the district court for Douglas County denying a motion for summary judgment filed by Buck's and granting summary judgment in favor of the City of Omaha (the City). On appeal, Buck's also challenges certain evidentiary rulings. Finding no merit to the arguments on appeal, we affirm the district court's decision.

## BACKGROUND

Buck's is a Nebraska corporation that owned and operated a gas station on the northwest corner of 144th Street and Stony Brook Boulevard in Omaha, Douglas County, Nebraska. In August 2009, the City eliminated a cut in the median on Stony Brook Boulevard, which then prevented eastbound traffic from turning left in order to directly access Buck's property. Before the City closed the median cut, Buck's had two access points to Stony Brook Boulevard and one access point via an easement across a neighboring property. After the median cut was eliminated, Buck's continued to have the same three access points, but direct access to the property by eastbound traffic on Stony Brook Boulevard was eliminated.

Buck's instituted an inverse condemnation action against the City in August 2010. A board of appraisers was appointed,

and Buck's was awarded $30,000 in damages. Buck's and the City both appealed to the district court, and the parties filed cross-motions for summary judgment. At the summary judgment hearing, the City offered into evidence the affidavits of Todd Pfitzer and Tim Phelan.

Pfitzer has been the City's engineer since October 2010, and he previously served as the City's traffic engineer, beginning in 2006. In his affidavit, Pfitzer stated that he was involved in reviewing plans for the project concerning the elimination of the median cut and made recommendations for the best and safest method for handling the traffic movement. He claimed that the decision to eliminate the median cut was made to address the anticipated increased traffic accessing the area due to the development of a grocery store site. He said that in order to minimize traffic conflict and allow for smoother and safer traffic flow, the median cut was eliminated. Pfitzer indicated that prior to this project, Buck's had two access points to Stony Brook Boulevard and a third access point onto neighboring property, and that the same three access points existed after construction on the median. Pfitzer opined that from his point of view as a traffic engineer, Buck's suffered no decrease of ingress or egress.

Phelan is the City's right-of-way manager. His affidavit indicated that in the course of performing his job duties, he is involved in the acquisition of rights-of-way for various public projects. Phelan indicated that he is familiar with the project regarding the median on Stony Brook Boulevard and that the City, in conjunction with this project, did not acquire any property interests because the median improvements were made solely in the City's right-of-way. Specifically, Phelan averred that the City did not acquire any property or property interest from Buck's for this project. Phelan stated that prior to the project's completion, Buck's had three entrances to its property, and that after construction on the median, Buck's continued to have the same three entrances.

The affidavits were received into evidence over objections by Buck's. Ultimately, the district court denied the motion for summary judgment filed by Buck's and entered summary judgment in favor of the City. Buck's now appeals.

## ASSIGNMENTS OF ERROR

Buck's assigns, renumbered and restated, that the district court erred in (1) receiving the affidavits into evidence, (2) failing to grant its motion for summary judgment, and (3) granting the City's motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Latzel v. Bartek*, 288 Neb. 1, 846 N.W.2d 153 (2014). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

*Evidentiary Rulings*.

[1,2] Buck's argues that the district court erred in receiving the affidavits of Pfitzer and Phelan into evidence because the City failed to disclose them as experts by the discovery deadline and because the affidavits lacked foundation and were irrelevant. In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *In re Invol. Dissolution of Wiles Bros*., 285 Neb. 920, 830 N.W.2d 474 (2013). A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Id*.

[3,4] Neb. Rev. Stat. § 27-702 (Reissue 2008) governs the admissibility of expert testimony and provides that the witness must be qualified as an expert: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or

education, may testify thereto in the form of an opinion or otherwise." If a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. Neb. Rev. Stat. § 27-701 (Reissue 2008).

[5] We have reviewed the affidavits and find that the district court did not err in overruling the objections and receiving the affidavits into evidence. Pfitzer's and Phelan's affidavits contained statements based on their own experiences and personal knowledge from their involvement in the median project. This is proper lay testimony under § 27-701. Although Pfitzer's affidavit included his opinion that Buck's suffered no decrease of ingress or egress, the court was required to give no effect to that opinion. See *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997) (statements in affidavits as to opinion, belief, or conclusions of law are of no effect), *disapproved on other grounds, Gaytan v. Wal-Mart*, 289 Neb. 49, 853 N.W.2d 181 (2014).

[6,7] Buck's also contends that the affidavits lacked foundation and were irrelevant based on the mistaken belief that Pfitzer and Phelan were expert witnesses. The party offering testimony has the burden to lay foundation by showing that the witness has personal knowledge of the subject matter of the testimony. *State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 2008).

We find no abuse of discretion in the district court's conclusion that the affidavits were supported by sufficient foundation and contained relevant evidence. Pfitzer and Phelan both stated that they were involved in the construction project on the median. Thus, their personal knowledge formed the basis of their factual statements. In addition, both affidavits indicated the witnesses' observations regarding the three access points to Buck's. Because ingress to and egress from Buck's

was at issue in this case, the affidavits contained relevant information. Consequently, the district court did not abuse its discretion in overruling the foundational and relevancy objections and in receiving the affidavits into evidence.

*Summary Judgment.*

Buck's asserts that the district court erred in denying its motion for summary judgment and granting summary judgment in favor of the City. Buck's argues that the City substantially impaired ingress to and egress from its property, resulting in a compensable taking. We disagree.

[8-10] The right of an owner of property which abuts on a street or highway to have ingress to and egress from his premises by way of the street is a property right in the nature of an easement in the street, and the owner cannot be deprived of such right without due process of law and compensation for loss. *Maloley v. City of Lexington*, 3 Neb. App. 976, 536 N.W.2d 916 (1995). The right of access of an abutting property owner to a public road is not an unlimited one, however. *Painter v. State*, 177 Neb. 905, 131 N.W.2d 587 (1964). He is entitled to reasonable access to abutting private property if reasonable access remains. *Id.*

The district court in the present case relied on *Painter* to hold that because Buck's has the same access it did before the City closed the median cut, the injury to Buck's was the same in kind as that suffered by the general public and is not compensable. We agree and likewise find that *Painter* controls the outcome of this case.

[11-13] In *Painter*, the plaintiff contended that the construction of islands in the street which prevented left turns onto the plaintiff's property from the west constituted a compensable damage. On appeal, the Supreme Court reiterated the general rule that an abutting landowner has no vested interest in the flow of traffic past his premises and that any damages sustained because of a diversion of traffic are not compensable. *Id.* This rule applies to the control of turns by double lines, islands, and median strips. *Id.* Mere circuity of travel to and from real property, resulting from a lawful exercise of the police power in controlling traffic, does not of itself constitute

an impairment of the right of ingress and egress to and from such property where the resulting interference is but an inconvenience shared in common with the general public and is necessarily in the public interest in making highway travel safer and more efficient. *Id*. If the owner has the same access to the general highway system as before, this injury is the same in kind as that suffered by the general public and is not compensable. *Id*.

In other words, the Supreme Court in *Painter* summarized the situation as follows:

> Property owners abutting upon a public thoroughfare have a right to reasonable access thereto. This right of ingress and egress attaches to the land. It is a property right as complete as ownership of the land itself. But as to damages claimed by reason of a change in the flow of traffic by placing medians in the center of a street, they result from the exercise of the police power by the state and are noncompensable as being incidental to the doing of a lawful act. As such, they are wholly unrelated to the taking of the land for the purpose of widening the street and constitute no element of damage to the land remaining after the taking.

177 Neb. at 911, 131 N.W.2d at 591.

The argument made by Buck's in the present case is identical to that asserted by the plaintiff in *Painter*, which the Supreme Court rejected. Elimination of the median cut constitutes a change in the flow of traffic and affects Buck's in the same manner as the general public. After the median cut was closed, Buck's still had access to Stony Brook Boulevard. The fact that left-hand turns are now restricted is but an inconvenience shared with the general public.

In addition, according to Pfitzer's affidavit, if the median cut had not been closed, traffic queuing could not be contained within "channelized left turn pockets" and safety would be compromised. Thus, the City determined that closing the cut in the median was necessary for traffic safety. After the change to the median, Buck's retains the same three access points that it previously had and retains the ability to access Stony Brook Boulevard. As a result, Buck's is not entitled to any

compensation. We therefore find that the district court did not err in denying Buck's motion for summary judgment and granting summary judgment in favor of the City.

Buck's directs our attention to *Maloley v. City of Lexington*, 3 Neb. App. 976, 536 N.W.2d 916 (1995), to support its position, but we find this reliance misplaced. In *Maloley*, the evidence established that the City of Lexington temporarily closed the street directly in front of the plaintiff's property. Here, there is no allegation that the City closed Stony Brook Boulevard, prohibiting access to Buck's. Rather, the City modified the median in the middle of Stony Brook Boulevard, which, according to *Painter v. State*, 177 Neb. 905, 131 N.W.2d 587 (1964), is the lawful exercise of the police power and is noncompensable.

## CONCLUSION

We conclude that the district court properly overruled the objections to the affidavits and received them into evidence. In addition, we find no error with respect to the district court's rulings on the parties' motions for summary judgment. Accordingly, we affirm.

AFFIRMED.